644 F.2d 743
 Helvi SAVOLA, Individually and as District Organizer of the
Minnesota Communist Party and the Minnesota
Communist Party, Appellants,
v.
William H. WEBSTER, in his official capacity as Director of
the Federal Bureau of Investigation; and Rodney
Ritter as Deputy Dakota County Coroner, Appellees.
 No. 80-1546.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 11, 1981.
Decided March 25, 1981.
 
 Minnesota Civil Liberties Union, Karl Cambronne, Linda Ojala, Minneapolis, Minn., for plaintiffs-appellants.
 Thomas K. Berg, U. S. Atty., Mary L. Egan, Asst. U. S. Atty., D. Minn., Minneapolis, Minn., for appellee.
 Elizabeth De La Vega, Law Clerk.
 Thomas K. Berg, U. S. Atty., and Mary L. Egan, Asst. U. S. Atty., Minneapolis, Minn., for defendants-appellees Webster and The Federal Bureau of Investigation.
 James C. Backstrom, Asst. Dakota County Atty., Hastings, Minn., for defendant-appellee Ritter.
 Before ROSS, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Helvi Savola, individually and as organizer of the Minnesota Communist Party, and on behalf of the members of the Minnesota Communist Party, appeals from an order of the district court dismissing their claim against William H. Webster as director of the FBI and Rodney Ritter as Deputy County Coroner for alleged violations of their constitutional rights under the first, fourth, and fourteenth amendments. The district court[1] dismissed the plaintiffs' claim for plaintiffs' failure to answer certain interrogatories thereby defying the court's order compelling discovery. We reverse the dismissal as to Interrogatories Nos. 8 and 9 and remand to the district court with directions to withdraw its dismissal and thereafter reenter its order requiring plaintiffs to answer Interrogatories 10, 14, and 15.[2]
 
 
 2
 In their complaint, filed April 18, 1979, plaintiffs alleged the defendants had illegally seized personal items of a recently deceased party member, John Forichette. Two FBI agents and defendant Ritter had been admitted to Forichette's apartment by his next of kin, Marcella Faltiesik, and with her permission removed cassette and 8-track tapes, documents and other items of personal property. The complaint specifically alleged that the items so taken had been examined, researched, copied and otherwise used to harass members and sympathizers of the Communist Party of Minnesota. On September 20, 1978, these items were returned to Mrs. Faltiesik and on October 21, 1978, were sold to Helvi Savola by the estate.
 
 
 3
 In preparation of its defense, the FBI[3] served on plaintiffs a set of interrogatories. When plaintiffs failed to answer certain of the interrogatories, defendants sought and received an order compelling discovery from the United States Magistrate whose order was subsequently upheld by the district court.
 
 
 4
 On May 7, 1980, plaintiffs made demand for the production of documents, and shortly thereafter filed new answers to the first set of interrogatories. Twenty days after his initial order compelling discovery, Judge Alsop was notified by defendant's counsel the answers filed by plaintiffs were unsatisfactory. An order to show cause why the action should not be dismissed was issued at the instance of the defendant. In response to this order plaintiffs filed an affidavit in which Ms. Savola claimed first amendment privilege and impossibility to comply and in which she admitted to having purchased certain of the books and printed material from the estate of the deceased party member.
 
 
 5
 Upon hearing oral arguments, the district court found that the plaintiffs had willfully disobeyed its order and pursuant to its power under Rule 37(b)(2)(C), Federal Rules of Civil Procedure, dismissed plaintiffs' suit.
 
 
 6
 The interrogatories propounded by the defendant,[4] and the sufficiency of the answers are the sole issue in this appeal. Interrogatories Nos. 8 and 9 sought the names and addresses of all members (8) and sympathizers (9) of the Minnesota Communist Party whose names allegedly appeared in documents located in Forichette's residence at the time of his death. Plaintiffs objected to No. 8 as an unwarranted and unnecessary invasion of their first amendment rights and claimed Nos. 8 and 9 sought information presently unknown and within exclusive knowledge of the FBI. Interrogatory No. 10 sought identification of documents containing the names of persons enumerated in Nos. 8 and 9 which were not the property of John Forichette at the time of his death and the owner of such documents. Plaintiffs answered No. 10 as being "not applicable." Interrogatories Nos. 14 and 15 sought the names and addresses of all members of the Minnesota Communist Party alleged to have been harassed (14) and those whose rights were alleged to have been violated (15) as a result of the alleged seizure of documents. Plaintiffs objected to both as an unwarranted and unnecessary invasion of first amendment rights of the parties and further that such information was presently unknown and within the exclusive possession of the defendant at that time.
 
 
 7
 The sanctions available to a trial court under the Federal Rules of Civil Procedure for refusal to comply with a discovery order are discretionary and the imposition of such sanctions will not be reversed unless there has been an abuse of discretion. General Dynamics v. Selb Manufacturing Co., 481 F.2d 1204, 1211 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Where, however, the drastic sanctions of dismissal or default are imposed, the range of discretion is more narrow and the losing party's noncompliance must be due to willfulness or bad faith. Societe Internationale v. Rogers, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958).
 
 
 8
 This court has addressed the issue of "willfulness" as an element required to uphold dismissal of a suit in a case where the record disclosed numerous warnings to appellants of the potentially serious consequences of their continued noncompliance. In Denton v. Mr. Swiss of Missouri, 564 F.2d 236, 241 (8th Cir. 1977), we concluded the appellees were clearly prejudiced by appellants' noncompliance since, without information concerning appellants' alleged injury and damages, they could not be expected to adequately prepare their case for trial. In upholding the district court's dismissal for failure to comply we stated:
 
 
 9
 The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for "(d)elay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice." Gulf Oil Co. v. Bill's Farm Center, Inc. (449 F.2d 778, 779 (8th Cir. 1971).)
 
 
 10
 Id. at 241.
 
 
 11
 Plaintiffs in this case were repeatedly warned of the likelihood of dismissal should they persist in their failure to answer all the interrogatories at the hearing before the magistrate, at the de novo review by the district court, and at the hearing to show cause. The record further indicates that plaintiffs were in possession of the documents and papers purchased from the estate of Mr. Forichette which could be used to answer, at least in part, the interrogatories. Both of those factors clearly showed the "willfulness" required to uphold the dismissal of their suit by the district court.
 
 
 12
 Despite the foregoing, we believe the district court erred in refusing to consider appellants' first amendment claim as to Interrogatories Nos. 8 and 9, one of which sought disclosure of party members (8) and the other of sympathizers (9). As a defendant preparing its defense, the position of the FBI is at first blush supported by Rule 33, Federal Rules of Civil Procedure, which provides in part that "the interrogatories may relate to any matters which can be inquired into under Rule 26(b)." Rule 26(b) provides in pertinent part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * * including * * * the identity and location of persons having knowledge of any discoverable matter."
 
 
 13
 However, mandatory disclosures of political association, whether it be through interrogatory answers as in the case at bar, through the use of an administrative summons by the IRS causing disclosure of membership in dissident organizations, United States v. Citizens State Bank, 612 F.2d 1091, 1093 (8th Cir. 1980), or through a state statute authorizing the state prosecuting attorney to subpoena political party records, Pollard v. Roberts, 283 F.Supp. 248, 255 (E.D.Ark.), aff'd, 393 U.S. 14, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968) (per curiam), have been held to trigger first amendment considerations.
 
 
 14
 In United States v. Citizens State Bank, supra, this court determined whether a claim of infringement of first amendment rights may be used to limit the subpoena power of the Internal Revenue Service. We concluded that when the one summoned has shown a likely infringement of first amendment rights, "the enforcing courts must carefully consider the evidence of such an effect to determine if the government has shown a need for the material sought." Id. at 1094.
 
 
 15
 While conceding that, as litigants to a lawsuit, the FBI's purpose in issuing interrogatories could be described as legitimate, " * * * that purpose cannot be pursued by means that broadly stifle fundamental liberties when the end can be more narrowly achieved. The breath of legislative (or first amendment) abridgement must be viewed in the light of less drastic means for achieving the same basic purpose." Shelton v. Tucker, 364 U.S. 479, 488, 81 S.Ct. 247, 252, 5 L.Ed.2d 231 (1960).
 
 
 16
 The specific test set out by the United States Supreme Court regarding associational privacy was articulated in Bates v. Little Rock, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960), a case involving compulsory disclosure of membership of local branches of the NAACP:
 
 
 17
 Decision in this case must finally turn, therefore, on whether the cities as instrumentalities of the State have demonstrated so cogent an interest in obtaining and making public the membership lists of these organizations as to justify the substantial abridgment of associational freedom which such disclosures will affect. Where there is a significant encroachment upon personal liberty, the State may prevail only upon showing a subordinating interest which is compelling.
 
 
 18
 Id. at 524, 80 S.Ct. at 417.
 
 
 19
 The district court in Pollard v. Roberts, supra, 283 F.Supp. at 257, used the following language to support its injunction against the enforcement of subpoenas to gather political party records:
 
 
 20
 The basis of our decision is that there is no showing here that the identities of Party contributors and the amounts of their contributions are reasonably relevant to defendant's investigation of alleged vote buying or that the public interest, if any, in the disclosure of that information is sufficiently cogent and compelling to outweigh the legitimate and constitutionally protected interests of the Party and its contributors in having that information remain private.
 
 
 21
 Interrogatories Nos. 8 and 9 seek to compel names and addresses of party members and sympathizers. The complaint contained no allegations requiring so broad a disclosure. The defendant has failed to show a substantial relationship between allegations in the complaint and the need to know the identities of members and sympathizers based on the "compelling and cogent interest" test set forth above.
 
 
 22
 However, Interrogatories Nos. 10, 14, and 15 do relate to specific allegations in the complaint regarding harassment and violations of constitutional rights. The defendant is seeking information well within the scope of discovery authorized under Fed.R.Civ.P. 33 and 26(b). The controlling justification for obtaining the names of members being harassed (14), the identities of those whose constitutional rights have been infringed (15), and the proprietary interest of documents (10) which were allegedly seized, is the need for this information in preparing its defense.
 
 
 23
 Since we believe that Interrogatories Nos. 8 and 9 were impermissibly overbroad, they cannot form the basis for the dismissal order. We therefore vacate the district court's order and remand with instructions to reenter an order compelling discovery as to Interrogatories Nos. 10, 14, and 15. Should plaintiffs persist in their refusals to comply with the court's order, the district court may thereinafter dismiss the case.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Judge of the United States District Court for the District of Minnesota
 
 
 [2]
 Both parties advised the court during oral argument that there is no longer a problem as to Interrogatory 16
 
 
 [3]
 Defendant Rodney Ritter takes no part in this appeal other than to join in the pleadings seeking to dismiss this appeal proceeding and thereby affirm the district court's order dismissing this action
 
 
 [4]
 INTERROGATORY NO. 8: Identify by name and residence address all members of the Minnesota Communist Party whose names allegedly appeared in documents located in John Forichette's residence at the time of his death
 INTERROGATORY NO. 9: Identify by name and residence address all sympathizers of the Minnesota Communist Party whose names allegedly appeared in documents located in John Forichette's residence at the time of his death.
 INTERROGATORY NO. 10: Identify the documents, if any, containing the names of persons enumerated in Interrogatories Nos. 8 and 9 which you claim were not the property of John Forichette at the time of his death, and as to each such document state the owner thereof and the factual basis for claiming a proprietary interest therein.
 INTERROGATORY NO. 14: Identify by name and residence address all members of the Minnesota Communist Party alleged to have been harassed as a result of the alleged seizure of documents located in John Forichette's residence.
 INTERROGATORY NO. 15: Identify by name and residence address all members of the Minnesota Communist Party whose rights are alleged to have been violated by the defendants and specify for each person so identified the particular right allegedly violated.