S. Michael SIGLIANO,
Plaintiff/Appellant,

v.

Ramon MENDOZA et al.,
Defendants/Appellees.

No. 79–3206.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 19, 1981.

Decided April 16, 1981.

Daniel M. Roth, Russo, Roth & Zelvy Co. L.P.A., North Randall, Ohio, Marvin Manross, Phoenix, Ariz., for plaintiff-appellant.

W. Michael Flood, Jennings, Strouss & Salmon, Phoenix, Ariz., for defendants-appellees.

Before TANG, SKOPIL and CANBY, Circuit Judges.

TANG, Circuit Judge.

S. Michael Sigliano appeals the dismissal of his civil rights action for failure to answer interrogatories. We affirm.

On July 6, 1978, the defendants propounded a set of 72 interrogatories and

requested the production of documents. On August 31, having received no response from Sigliano, the defendants filed a motion to compel answers to the interrogatories and for the production of documents. On November 27, the defendants filed a motion to dismiss, under Fed.R.Civ.P. 37(d), on the ground that Sigliano had failed to respond to the motion to compel or to provide the discovery that was the subject of the motion. On December 8, Sigliano filed a motion for an extension of time to respond to interrogatories on the ground that they were still being typed. The motion was also captioned "Opposition to the Motion to Dismiss", but Sigliano offered no argument to support the opposition. On December 15, defendants filed a notice of hearing on the motion to dismiss scheduled for January 15, 1979. On January 15, Sigliano failed to appear at the hearing, and the court continued it to January 29 with the proviso that if Sigliano failed to respond to the motion by January 19, the case would be dismissed. On the day of the hearing, Sigliano had filed a motion to continue the January 15 hearing on the ground that work on the interrogatories, although burdensome, was proceeding. On January 26, 1979, the court dismissed the action pursuant to Fed.R.Civ.P. 37(d) because Sigliano failed to comply with its orders and to comply with Local Rule 42(c).

■ The sanctions available to the district court are discretionary and the imposition of such sanctions "as are just" will not be reversed unless there has been an abuse of discretion. *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *David v. Hooker, Ltd.*, 560 F.2d 412, 418–19 (9th Cir. 1977); 6 J. Moore, Federal Practice ¶ 37.08 (2d ed. 1976). Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault or bad faith. *Societe International v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958). Due process requires that neither dismissal nor preclusion of evidence that is tanta-

mount to dismissal may be imposed when failure to comply is due to circumstances beyond the recalcitrant's control. *Sumitomo*, 617 F.2d at 1360. This court has specifically encouraged dismissal, however, where the district court determines "that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *G–K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978), citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Sigliano's repeated failure to comply with the discovery request and the court's orders manifested the requisite fault and fully justified the sanction imposed.

■ Sigliano's argument that an order to compel discovery is a prerequisite to dismissal is without merit. Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order. *See Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979) (dismissal without prior order under Rule 37(d) where party failed to attend deposition); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975) (dismissal without prior order under Rule 37(d) where party failed to respond to interrogatories); *cf. Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328 at 1331 (9th Cir. 1981) (dismissal proper under Fed.R.Civ.P. 41(b) in similar circumstances).

In light of our conclusion that dismissal was proper under Fed.R.Civ.P. 37(d), we need not address Sigliano's argument that dismissal for failure to comply with Local Rule 42(c) was improper.

AFFIRMED.