**In re SPECIAL SERVICE DELIVERY, INC., Debtor.**

**SPECIAL SERVICE DELIVERY, INC., Plaintiff,**

v.

**SPECIAL SERVICE DELIVERY COMPANY, INC., n/k/a SSD Distribution System, Inc., Defendant.**

**Bankruptcy No. B79–985.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Jan. 18, 1982.

John M. Carey, Toledo, Ohio, for debtor/plaintiff.

John J. Eklund, Calfee, Halter & Griswold, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Plaintiff's (Debtor's) renewed motion for imposition of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure for failure of Defendant's corporate officer to appear for the taking of his deposition after being served with proper notice. Although it is the decision of this Court that Rule 37 sanctions are appropriate, under the circumstances of this case, in the exercise of the Court's sound discretion, they shall be limited to the reasonable expenses, including attorney's fees, that the Plaintiff incurred upon failure of the corporate officer involved to appear for the taking of his deposition.

On August 6, 1979 the Plaintiff filed a petition under Chapter XI of the Bankruptcy Act. On April 15, 1981 the present action was filed wherein Plaintiff sought injunctive relief and monetary damages for the alleged harm to its business reputation and good will caused by Defendant's use of an allegedly confusingly similar name. Upon motion of Plaintiff for a hearing on its application for a preliminary injunction the Court set the matter, combined with a pre-trial conference on Plaintiff's original complaint, for a hearing on July 8, 1981.

Prior to the hearing, on June 26, 1981, Plaintiff filed his notice of the taking of the deposition of William Knoble, an officer and director of the Defendant, on July 3, 1981. Settlement discussions had been initiated as early as June 19, 1981 and, since there was a chance that they would be successful, the parties agreed to reschedule the July 3, 1981 deposition to July 7, 1981, the day prior to the scheduled hearing on July 8, 1981. The settlement discussions apparently reached an impasse but neither Mr. Knoble nor Counsel for Defendant appeared at the appointed time for the rescheduled deposition on July 7, 1981. On the same day, Plaintiff filed its original motion for the imposition of sanctions.

On July 8, 1981, prior to the scheduled hearing on Plaintiff's motion for preliminary injunction, the parties agreed in principle to a stipulated settlement. Subsequently, on July 27, 1981, the stipulation was filed which provided, among other things as follows: Defendant was to change its corporate name; Defendant was to notify Plaintiff's Counsel and this Court of its new name on or before August 21, 1981; Plaintiff was granted leave to file an amended complaint on or before September 4, 1981; and, the Plaintiff's original motion for imposition of sanctions was withdrawn without prejudice to its subsequent refiling.

Pursuant to the July 27, 1981 stipulation, by letter dated August 21, 1981, Defendant notified Plaintiff and the Court of its newly chosen corporate name. On August 28, 1981 Plaintiff filed an amended complaint adopting its original claim, objecting to the Defendant's newly chosen corporate name, since, as with its original name, it is allegedly confusingly similar to Plaintiff's and, in addition, adding a claim of trade name infringement. Defendant's answer to the amended complaint, filed September 17, 1981, while adopting the admissions, denials, and affirmative defenses of its amended answer filed June 29, 1981, added an additional affirmative defense claiming the exclusive right to the use of its new corporate name by virtue of its having reserved the same with the Ohio Secretary of State on June 26, 1981. Defendant also counterclaimed alleging that on July 9, 1981, with knowledge of Defendant's intention to change its corporate name as it did, Plaintiff registered its trade name with the Ohio Secretary of State, which trade name is confusingly similar to Defendant's new corporate name. In addition, as the second count in its counterclaim, Defendant alleged Plaintiff intentionally interfered with its business relationships.

On October 20, 1981 Plaintiff filed the present renewed motion for imposition of sanctions. According to Plaintiff, the sanctions provided by Rule 37(b)(2)(A), (B), and (C) Fed.R.Civ.P. are particularly appropriate under the present circumstances since if the Defendant's corporate officer had appeared as scheduled on July 7, 1981 for his deposition, Plaintiff would have questioned him regarding Defendant's intentions as to any possible name change and, discovering their intentions, it would have proceeded with the July 8, 1981 hearing. Presuming its success in obtaining a preliminary injunction, Plaintiff argues, it would have forestalled the occurrence of the above described events subsequent to July 27, 1981 which have expanded the scope of this litigation.

In opposition to the renewed motion for sanctions Defendant argues that Rule 37(d) sanctions are inappropriate under the present circumstances since they can only be imposed subsequent to the failure to comply with a motion and order compelling discovery. Alternatively, Defendant argues that the Court should not impose sanctions for submitting counterclaims and defenses and that, in any case, it is Plaintiff who is to blame for expanding the scope of this litigation.

Rule 37(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

Notwithstanding *Jones v. B. C. Christopher & Co.*, 466 F.Supp. 213 (D.Kan. 1979), cited by Defendant for the proposition that Rule 37(d) sanctions need be preceded by a motion and order to compel, there is nothing in the express terms of Rule 37(d) which makes such an order a necessity. Indeed, the weight of authority leads one to the opposite conclusion that there is no requirement for a direct order of the court as a prerequisite to the imposition of Rule 37(d) sanctions. E.g., *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981); *Dorey v. Dorey*, 609 F.2d 1128, 1135 (5th Cir. 1980); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975); *Bowmar Investment Corp. v. Continental Microsystems Inc.*, 497 F.Supp. 947, 959 (S.D.N.Y. 1980). *See also* Wright & Miller, Federal Practice and Procedure: Civil § 2291. Rule 37(d) is an exception to the general rule that sanctions are generally imposed only after violations of a court order. *Dorey v. Dorey, supra*, at 1128.

The question thus becomes what, if any, sanctions this Court should impose for failure of Defendant's director and corporate officer to appear. In accordance with the provisions of Rule 37(d), Plaintiff would have the Court impose the following sanctions pursuant to paragraphs (B) and (C) of subdivision (b)(2) of Rule 37: an order striking out Defendant's denials and affirmative defenses; an order refusing to allow Defendant to support the claims raised by it in its counterclaim and introducing evidence in support thereof; and, an order dismissing with prejudice the Defendant's counterclaim. Given the circumstances of this case, however, the sanctions listed above are too severe.

■ The express terms of the first sentence of Rule 37(d) provide that the court *"may* make such orders in regard to the failure as are just" and that it *"may"* impose the sanctions listed in paragraphs (A), (B), and (C) of Rule 37(b)(2). (Emphasis added) Thus, the trial court has broad discretion in its choice of sanctions for failure to comply with discovery. *Savola v. Webster,* 644 F.2d 743, 745 (8th Cir. 1981); *Sigliano v. Mendoza, supra,* at 310; *Dorey v. Dorey, supra,* at 1128; *Davis v. Marathon Oil Co.,* 528 F.2d 395, 403 (6th Cir. 1975).

■ The sanctions which Plaintiff would have this Court impose would, in effect, result in Defendant's default in its defense and in dismissal of its counterclaim. Default and dismissal are drastic remedies which should only be imposed in extreme circumstances, *Bonaventure v. Butler,* 593 F.2d 625, 626 (5th Cir. 1979), *Israel Aircraft Industries Ltd. v. Standard Precision,* 559 F.2d 203, 208 (3rd Cir. 1977), and may only constitutionally be applied where the failure to respond constitutes willfullness, bad faith, or gross negligence. *Savola v. Webster, supra,* at 745–746; *Sigliano v. Mendoza, supra,* at 310; *Plevy v. Scully,* 89 F.R.D. 665, 667 (W.D.N.Y.1981).

■ In the present case the single failure of Defendant's director and corporate officer to appear at his scheduled deposition when discussions of settlement had continued up until the previous day, although not condoned by the Court, do not represent that degree of willfulness or bad faith necessary to impose default or dismissal. Furthermore, this Court questions whether Defendant's action of interposing affirmative defenses and counterclaims are relevant considerations in determining what, if any, sanctions should be imposed, especially in light of the fact that neither party to this litigation seems adverse to broadening its scope.

Defendant, however, should not be relieved of all responsibility for its failure to appear at the deposition after being served with proper notice. The second sentence of the first paragraph of Rule 37(d) provides:

In lieu of any order [under Rule 37(b)(2)] or in addition thereto, *the court shall* require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added)

The Court then is required to impose reasonable expenses, including attorney's fees, caused by the failure absent substantial justification or circumstances making such an award unjust.

■ The burden is on the disobedient party to show his failure is justified or that special circumstances make an award of expenses unjust. *See David v. Hooker Ltd.,* 560 F.2d 412, 419 (9th Cir. 1977). The reason advanced by Defendant, the recent impasse in settlement negotiations and its concern with the impending hearing on Plaintiff's application for a preliminary injunction, are insufficient to meet this burden, and thus, a hearing to determine the amount of the reasonable expenses incurred by Plaintiff, including attorney's fees, is clearly in order. *See Persson v. Faestel Investments Inc.,* 88 F.R.D. 668, 669 note 2 (N.D.Ill.1980).

For the foregoing reasons it is hereby,

ORDERED that Defendant and/or his Counsel pay the reasonable expenses, including attorney's fees caused by the failure of William Knoble to appear to have his deposition taken on July 7, 1981. It is,

FURTHER ORDERED that an evidentiary hearing to determine the amount of the reasonable expenses and attorney's fees to be imposed be held on Thursday, January 28, 1982, at 10:00 o'clock A.M., combined with other matters concerning this case scheduled for that day.