927 F.2d 486
 118 Lab.Cas. P 10,622, 18 Fed.R.Serv.3d 1445
 Clarence Lee Roy COMBS, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL CORPORATION; Amalgamated Local
887-UAW, Defendants-Appellees.
Clarence Lee Roy COMBS, Plaintiff-Appellee,
v.
ROCKWELL INTERNATIONAL CORPORATION; Amalgamated Local
887-UAW; International Union; United Automobile;
Aerospace & Agricultural Implement
Workers of America,
Defendants-Appellees.
 Nos. 89-56212, 90-55118.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 6, 1991.
Decided March 4, 1991.
 
 Mike Pincher, Palmdale, Cal., for plaintiff-appellant.
 Paul W. Cane, Jr., Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendants-appellees.
 Michael R. Feinberg, Schwartz, Steinsapir, Dohrmann & Sommers, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, HUG and FARRIS, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 Clarence Combs appeals the dismissal of his damages action against Rockwell International Corp.; the United Automobile, Aerospace & Agricultural Implement Workers of America (UAW); and UAW's chartered affiliate Amalgamated Local 887-UAW (Local 887). We affirm.
 
 
 2
 From 1962 until 1969, Combs was employed by Rockwell. Pursuant to Article XI, Section 17(g) of the collective bargaining agreement between Rockwell and the UAW (Combs' union), Combs was entitled to retain his seniority and recall rights for five years. He was not recalled after 1969, and his rights expired in 1974.
 
 
 3
 In 1977, Rockwell rehired Combs. Combs then discovered information that led him to conclude that Rockwell had violated his seniority and recall rights by hiring other workers before he was rehired. In 1978, Combs filed a grievance with Rockwell and Local 887. In 1979, Rockwell and Local 887 notified Combs in writing that his grievance had been denied on the merits. Under the UAW's Constitution, actions by Local 887 could be appealed, first to the Local Union's bargaining unit (i.e. Rockwell), then to the Local Union itself, then to the UAW's Executive Board, and finally to the UAW's Convention Appeals Committee or the Public Review Board. Combs declined to exercise his right of internal appeal.
 
 
 4
 Nine years after the rejection of his initial grievance, Combs filed this action against Rockwell, Local 887, and the UAW. His claims included: breach of the collective bargaining agreement by Rockwell; breach of fiduciary duty in violation of 29 U.S.C. Sec. 1001 et seq. ("ERISA") by Rockwell; breach of the duty of fair representation by Local 887 and the UAW; and--alleged against all defendants--intentional infliction of emotional distress, negligent infliction of emotional distress, fraudulent misrepresentation, and negligence.
 
 
 5
 In the fall of 1988, Rockwell and the UAW deposed Combs. At the conclusion of the deposition, the parties stipulated that the original transcript would be sent to Combs' attorney in order to have Combs review it and make necessary changes to correct transcribing errors. Although Combs said he was satisfied that his testimony was correct and truthful, he gave counsel permission to alter any of his responses. Counsel proceeded to make thirty-six changes, many of which materially altered the substance of Combs' testimony. Among the most striking changes were several reversals of Combs' answers to key questions: whether he believed that Rockwell or the UAW had intended to harm him financially or otherwise; whether a Rockwell employee knew about the seniority status of his fellow employees; whether the UAW purposefully breached its duty of fair representation; and whether his headaches were related to the way the UAW had treated him. Despite his sworn statement to the contrary, Combs never reviewed either the original or the altered deposition transcripts. A magistrate ordered Combs to give a second deposition, during which these material alterations were revealed.
 
 
 6
 Rockwell and the unions moved to dismiss Combs' action as the appropriate sanction for his misconduct. In the alternative, the defendants moved for summary judgment on the merits, claiming that Combs' suit was barred by the statute of limitations as well as by his failure to exhaust internal union remedies. The trial court dismissed the action with prejudice, pursuant to Fed.R.Civ.P. 11 and the court's inherent powers for violating Fed.R.Civ.P. 30(e).
 
 
 7
 Dismissal is an appropriate sanction for falsifying a deposition. Fed.R.Civ.P. 11, as well as the court's inherent powers, can be called upon to redress such mendacity. See Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir.1988); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir.1985); Professional Seminar Consultants v. Sino Am. Tech., 727 F.2d 1470, 1474 (9th Cir.1984); Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589, 591 (9th Cir.1983); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981).
 
 
 8
 Combs authorized counsel to alter his deposition in material respects. He signed the revised deposition and swore, under penalty of perjury, that he had reviewed the transcript and had himself made the changes. This conduct was in direct violation of Fed.R.Civ.P. 30(e), which states:
 
 
 9
 When the testimony is fully transcribed the deposition shall be submitted to the witness for examination.... Any changes in form or substance which the witness desires to make shall be entered ... with a statement of the reasons given by the witness for making them.
 
 
 10
 Counsel's changes dealt with issues of central importance in the upcoming summary judgment hearing. Combs' belief that Rockwell and the UAW had intended to harm him was crucial to his claim, as was his alleged notice from co-workers of the alleged breach of the collective bargaining agreement. Combs, whether or not in collusion with counsel, thus attempted to deceive the district court on material matters before it. Falsifying evidence is grounds for the imposition of the sanction of dismissal. See, e.g., Sino American, 727 F.2d at 1473-74.
 
 
 11
 "There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order.... But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976). Cf. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988) ("[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions.").
 
 
 12
 The mendacity of the client and the combined fraud and incompetence of his counsel are so egregious that there is no need to reach the merits of the motion for summary judgment. The case was properly dismissed.
 
 
 13
 Combs' contentions on appeal are wholly without merit. Accordingly, we assess double costs and attorney's fees as sanctions for filing a frivolous appeal. See Kelley v. International Brotherhood of Elec. Workers, 803 F.2d 516, 519 (9th Cir.1986); see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1052 (9th Cir.1985) (imposing sanctions even where the trial court had already done so).
 
 
 14
 Counsel for Rockwell has calculated its attorney's fees in the amount of $11,250. Combs and his counsel are jointly and severally liable for costs and attorney's fees to be taxed upon presentation of cost bills by both defendants. This panel will retain jurisdiction to enter judgment upon the presentation of the cost bills.
 
 
 15
 AFFIRMED.