65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL BUSINESS PROPERTIES, Plaintiff-Appellant,
v.
ITT SHERATON CORP., Defendant-Appellee.
INTERNATIONAL BUSINESS PROPERTIES; Arthur G. Lawrence,
Plaintiffs-Appellants,
v.
SHERATON CORPORATION; Sheraton Hotels Corp.; Sheraton
Hotels, Defendants-Appellees.
 Nos. 94-55427, 94-55806.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1995.*
Decided Aug. 16, 1995.
 
 Before: THOMPSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 International Business Properties and Arthur G. Lawrence (collectively Lawrence) appeal the district court's dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2) of Lawrence's diversity action against ITT Sheraton Corp. (Sheraton) alleging breach of contract and fraud regarding the financing and development of a multi-million dollar commercial real estate project. We affirm.
 
 FACTS
 
 3
 In October 1990, Lawrence filed separate suits pro se against Sheraton. Lawrence alleged that he and Sheraton had entered into an oral joint venture agreement to build a hotel. Lawrence alleged Sheraton breached this oral agreement by not paying $1 million on Lawrence's behalf to Executive Life Insurance Company (Executive Life), to satisfy loan obligations Lawrence owed to Executive Life.
 
 
 4
 Lawrence failed to respond to Sheraton's interrogatories and requests for document production, which were served on May 18, 1992. When the June 18, 1992 deadline passed with no response or request for extension of time from Lawrence, the district judge intervened. At the court's direction, Lawrence and Sheraton stipulated to a discovery schedule. This schedule required Lawrence to provide an exhibit list and interrogatory responses by September 15, 1992. It further required Lawrence to produce the requested documents starting on July 24, 1992 and continuing with ten bankers boxes per week until all documents were produced.
 
 
 5
 The district judge ordered the parties to put the oral stipulation into writing and file it with the court. Sheraton drafted the stipulation, but Lawrence refused to sign it. Sheraton then filed an Ex Parte Application for Order on Oral Stipulation (stipulation order), which the district judge entered on August 20, 1992. The stipulation order incorporated the terms of the oral stipulation.
 
 
 6
 Lawrence then requested additional time, through November 1992, to finish producing the requested documents. Sheraton agreed to an extension provided it was embodied in a stipulation and order approved by the court. Sheraton sent Lawrence a stipulation to modify the order, which Lawrence refused to sign.
 
 
 7
 On November 30, 1992, Sheraton wrote to Lawrence concerning his failure to comply with the stipulation order. Sheraton itemized the discovery still due. Lawrence responded by claiming that the magistrate judge had extended the discovery deadlines set forth in the order. The magistrate judge subsequently rejected Lawrence's claim that the deadlines had been extended.
 
 
 8
 A "meet and confer" conference was scheduled at Lawrence's request to discuss his failure to produce the requested discovery. After Lawrence postponed the conference eleven times, Sheraton filed a "Motion for Terminating, Evidentiary and Monetary Sanctions against Plaintiffs for Failure to Comply with the Order on Oral Stipulation" (first motion to dismiss). The magistrate judge partially granted Sheraton's motion, ordering Lawrence to complete his discovery responses by May 14, 1993 and imposing a $1,000 sanction (the discovery order). The discovery order also stated that "[i]f Plaintiffs fail to comply with this Order, the Court will entertain a motion for evidence preclusion or outright dismissal."
 
 
 9
 On May 14, 1993, Sheraton received Lawrence's Supplemental Responses to First Set of Interrogatories, and his Production of List of Documents to be Used at Trial in Support of Plaintiff's Complaint.
 
 
 10
 On July 6, and July 16, 1993, Sheraton sent Lawrence letters explaining the deficiencies in his responses and requesting supplementation. On July 28, 1993, Sheraton received plaintiff's second supplemental response.
 
 
 11
 On August 9, 1993, Sheraton filed a Notice of Motion and Motion to Dismiss Plaintiffs' Complaint for Failure to Comply with Court Orders and Monetary Sanctions (second motion to dismiss). Sheraton alleged that Lawrence had willfully failed to comply with the court's discovery order. First, Lawrence allegedly failed to produce written agreements which he had previously alleged existed. Second, Lawrence allegedly failed to identify both the Sheraton participants in the claimed joint ventures and the terms of the claimed joint venture agreement. Third, the list of documents Lawrence intended to rely upon at trial was allegedly inadequate because it failed to identify specific documents.
 
 
 12
 The magistrate judge filed a report and recommendation on January 4, 1994. The magistrate judge found that the deficiencies identified by Sheraton in its motion violated the discovery order. He recommended that the district court enter judgment granting Sheraton's second motion to dismiss.
 
 
 13
 On February 8, 1994, the district court entered an order adopting the report and recommendation, and entered judgment dismissing the action with prejudice. Lawrence filed a motion for reconsideration, which the district court denied. This appeal followed.
 
 DISCUSSION
 
 14
 Lawrence appeals the district court's dismissal of his action pursuant to Rule 37(b)(2) for violations of the court's discovery orders.[1] Dismissal of an action is the most severe penalty, and is authorized only in "extreme circumstances." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir.1985). To justify the imposition of such a harsh sanction, the district court must find that the violations were "due to willfulness, bad faith, or fault of the party." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir.1983)).
 
 
 15
 A review of the record demonstrates Lawrence acted willfully. Lawrence failed to answer Sheraton's discovery requests, and failed to comply with two separate court orders.[2] See Sigliano v. Mendoza, 642 F.2d 309 (9th Cir.1981) (holding plaintiff's repeated failure to comply with discovery requests and court orders manifested requisite intent). Contrary to Lawrence's assertion, the violations of the court orders were within his control. See Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994) ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.").
 
 
 16
 Lawrence makes much of his status as a pro se litigant. We recognize that pro se litigants are granted special solicitude with regard to court-ordered sanctions. However, the record indicates that both the court and Sheraton "demonstrated more than adequate sensitivity to [Lawrence's] inexperience as a pro se litigant, [and] went out of [their] way to assist him." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Several times Sheraton sent Lawrence letters identifying the deficiencies in his interrogatory and documentary responses. The magistrate judge did the same in the discovery order. Id. (before dismissing pro se complaint, plaintiff must be given notice of, and an opportunity to redress, the deficiencies at issue). Nonetheless, Lawrence failed to supply the basic information and documents needed for Sheraton to conduct its defense.
 
 
 17
 We also note that Lawrence's violations were not technical in nature. Compare Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) (noting pro se litigants should be treated with great leniency when evaluating their compliance with the technical rules of civil procedure). No legal knowledge was necessary to understand and follow the magistrate judge's discovery orders.
 
 
 18
 Moreover, Lawrence's noncompliance could not have resulted from a lack of resources. Over a year elapsed between the original discovery deadline and Sheraton's second motion to dismiss--plenty of time in which to produce the requested information and documents, even with limited resources.
 
 
 19
 In addition to willfulness, we have cited five factors which a district court must consider in determining whether to dismiss a case under Rule 37(b)(2): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987).
 
 
 20
 When a court order is violated, as in this case, we regard the third and fifth factors, prejudice and the availability of lesser sanctions, as decisive. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). Sheraton was clearly prejudiced by Lawrence's behavior. By refusing to identify specific documents to support his allegations, to identify specific defendants who participated in the alleged joint venture, or to identify the terms of the venture, Lawrence thwarted Sheraton's defense efforts.
 
 
 21
 The court considered and implemented lesser sanctions. Malone, 833 F.2d at 131. The court "implemented alternative sanctions before ordering dismissal" and "warned [Lawrence] of the possibility of dismissal before actually ordering it." Hyde & Drath, 24 F.3d at 1167 (citing Adriana, 913 F.2d at 1412-13).
 
 
 22
 Nonetheless, Lawrence contends the court should have imposed evidence preclusion, rather than outright dismissal, as a sanction. "In reviewing the sanction, the question is not whether we would have imposed a different sanction had we considered the matter originally, but whether the district court 'exceeded the limits of its discretion.' " Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988).
 
 
 23
 We cannot say the district court "exceeded its discretion." Less severe sanctions and a warning had been unavailing. It was not unreasonable for the district court to conclude that lesser penalties, including evidence preclusion, would have been unavailing. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Contrary to Lawrence's contention, this conclusion did not have to be made explicit. See Hyde & Drath, 24 F.3d at 1167 ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal.") (quoting Malone, 833 F.2d at 132).
 
 
 24
 Weighing the relevant factors, we conclude the district court did not abuse its discretion in dismissing Lawrence's action against Sheraton for his failure to comply with the court's discovery orders.[3]
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds these cases suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 37(b)(2) provides in pertinent part:
 (2) Sanctions by court in which order is pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order....
 Fed.R.Civ.P. 37(b)(2).
 
 
 [2]
 Lawrence contends we should not hold him responsible for violating the stipulation order, because it was obtained ex parte. We disagree. Lawrence stipulated to its contents at the status conference, had notice it would be entered ex parte, and most important, never moved to set the order aside or modify it
 
 
 [3]
 We have also considered Lawrence's argument that the district court erred by denying his motion to disqualify Sheraton's counsel. This argument lacks merit and we reject it