**Bonifasio SANTOS, by and through his mother and guardian ad litem Phyllis SANTOS, Plaintiff–Appellant,**

v.

**CITY OF CULVER CITY, et al., Defendants–Appellees.**

No. 05–55216.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 29, 2007.

ed by 9th Cir. R. 36–3.

Robert Mann, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Jin S. Choi, Esq., Franscell Strickland, et al., Glendale, CA, for Defendants–Appellees.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,* District Judge.

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM **

Bonifasio Santos appeals several of the district court's discovery-related decisions and its grant of partial summary judgment in favor of Defendants in this § 1983 case against the City of Culver City and several members of the Culver City Police Department in their individual and official capacities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

■ Santos first contends that the district court erred when it affirmed the magistrate judge's denial of his request for discovery of a large quantity of Culver City Police Department records. We review this decision for an abuse of discretion. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002). As we have made clear, "broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Id.* (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir.1996)). The magistrate judge found that Santos' request for all complaints and arrest reports reflecting an improper use of force by any Culver City police officer and for all complaints and arrest reports referring to any use of force by the individual defendants was overbroad and allowed discovery of a smaller subset of those records. We hold that the district court did not abuse its discretion when it affirmed the magistrate judge's ruling.

Santos now argues that the magistrate judge should not have narrowed the discovery as much as he did. However, Santos never returned with a more limited

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

request or with any new evidence or argument to justify discovery of a broader range of materials. Among the materials Santos was able to discover were all tort claims filed against the City. Had Santos reviewed these materials, he might have found similar incidents that would have enabled him to formulate a narrower discovery request that would have been granted.

■ Santos next contends that the district court erred in affirming the magistrate judge's grant of a protective order that prevented him from deposing Defendants Chief of Police Ted Cooke and Captain John Montanio. However, when the magistrate judge granted the protective order, he allowed Santos to serve additional interrogatories on Cooke and Montanio and specifically allowed for the possibility of depositions after the discovery cut-off if Santos discovered anything suggesting that depositions would be appropriate. Santos did not renew his efforts to depose Cooke or Montanio. Because the "district court is vested with broad discretion to permit or deny discovery," *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.2003), and Santos does not demonstrate that he was prejudiced by the decision, *id.*, we find that the district court did not abuse its discretion in affirming the magistrate's grant of the protective order.

■ Santos also argues that the district court should have stricken Montanio's declaration in support of Defendants' motion for summary judgment because he was not allowed to depose Montanio. However, even if the admission of Montanio's declaration were improper, it does not appear that it had any impact on the district court's decision to grant in part the motion for summary judgment. The only citation to the declaration is to a statement that claims of excessive force are "investigated thoroughly and reviewed through the chain of command." Because the district court had already found that Santos did not effectively challenge the adequacy of the department's investigation procedures, its decision did not rest upon Montanio's declaration.

■ In addition, the district court's imposition of sanctions for Santos' failure to make his expert witnesses available for deposition did not constitute an abuse of discretion. *See Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981); *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.1980). Santos also contends that the district court made several other erroneous decisions related to expert witnesses following the entry of partial summary judgment. However, as Defendants point out, those claims are now moot because Santos dismissed his remaining claims.

Santos next argues that the district court erred when it granted partial summary judgment to Defendants on several of the causes of action. We review de novo the district court's decision to grant partial summary judgment and affirm in part and reverse in part.

■ The district court did not err when it granted summary judgment to the City on the negligent supervision claim. The only basis Santos provides for that claim is California Civil Code § 1714, which codifies the common law duty to act with reasonable care. However, California law clearly provides that "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." *Eastburn v. Reg'l Fire Prot. Authority*, 31 Cal.4th 1175, 1183, 7 Cal.Rptr.3d 552, 80 P.3d 656 (2003).

■ Further, the district court did not err when it granted summary judgment on the *Monell*[1] claim. To succeed on such a claim, a plaintiff must demonstrate that a defendant's policy was the "moving force" behind the alleged constitutional violation. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Santos did not present evidence to create a triable question of fact regarding a causal link between the City's policies and the officer's acts. Even Santos' expert did not opine that the City's practices were the moving force behind the alleged constitutional violation.

We do find that the district court erred in granting summary judgment to the City on the state law claims of battery and violation of California Civil Code § 52.1. Defendants concede, and the district court agreed, that the City could be held liable on these state law claims under the theory of respondeat superior pursuant to California Government Code § 815.2(a). However, even though Defendants did not seek summary judgment on these claims, the district court found that it was not appropriate to name the City as a defendant solely as a means of imposing liability under respondeat superior for an individual officer's acts. The district court provided no legal basis for its decision, and Defendants provide no case justifying it. Therefore, we reverse the grant of summary judgment and remand. Because only these state law claims will remain, the district court may dismiss the claims without prejudice to refiling in state court.

■ Finally, the district court did not abuse its discretion when it entered a bill of costs in favor of Defendants. Santos' specific objections to the costs are not well

taken. It was not an abuse of discretion to allow the hearing on the bill of costs to go forward with fourteen rather than seventeen days' notice, given that scheduling the hearing for the next available date would have put the hearing outside of the statutory window of fourteen to twenty-one days after the entry of judgment for a hearing on a bill of costs. If the remanded state claims proceed in federal court, this issue will become moot.

We affirm the district court's discovery-related decisions and affirm in part and reverse in part its partial grant of summary judgment. We remand the case to the district court for further proceedings consistent with this disposition.

REVERSED IN PART AND REMANDED.

REINHARDT, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's resolution of all claims with the exception of its conclusions that (1) the district court did not err when it affirmed the magistrate judge's denial of Santos's request for records related to prior incidents of alleged use of excessive force by Culver City police officers and (2) the district court properly granted summary judgment to defendants with respect to Santos's *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Although a district court is vested with broad discretion to permit or deny discovery, it may not deprive a plaintiff of access to the information necessary to prove a claim absent just cause to do so. Here, Santos claimed that defendants maintained a policy of inadequately investigating ex-

---

1. Under *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a plaintiff may bring a § 1983 claim against a local government if he or she can

demonstrate that an "action pursuant to official municipal policy of some nature caused a constitutional tort."

cessive force allegations, and that their failure to investigate such allegations and to punish officers who used excessive force led to the alleged violation of Santos's rights. *See Henry v. County of Shasta,* 132 F.3d 512, 520 (9th Cir.1997) ("[A] municipal defendant's failure to fire or reprimand officers evidences a policy of deliberate indifference to their misconduct" for which a municipality may be held liable under *Monell,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611). In order to substantiate this claim, Santos sought discovery of, *inter alia,* the Culver City Police Department's records regarding allegations of excessive force by Culver City police officers made during the five years preceding the incident involving Santos. The magistrate judge denied this request and instead ordered defendants to produce documents related to complaints only against the officer, Officer Purnell, who allegedly injured Santos and to either give Santos a list of all lawsuits alleging excessive force filed against Purnell and his partner or to "facilitate Plaintiff's counsel's access to all California Government Tort Claims maintained by the Defendants." By affording Santos access to the Departmental documents related to complaints against Officer Purnell, the magistrate judge did not simply "allow[ ] discovery of a smaller subset of [the] records" sought, as the majority contends. Instead, he made it virtually impossible for Santos to prove that the Department's policy regarding the handling of excessive force allegations was lacking and that the policy was a "moving force" behind the alleged constitutional violation here at issue. The discovery order afforded Santos the opportunity to present evidence regarding the Department's response to allegations of misconduct against a single officer only. Allowing counsel to obtain access to all tort claims maintained by the City was of even less help and did not change the fact that plaintiff was de-

nied access to the records necessary to show a *Monell* violation. A list of all tort clams is not only overbroad but such a list would not in any respect provide the information needed to determine how the City or the Police Department handle excessive force allegations. That granting such limited discovery was fatal to Santos's *Monell* claim is made plain by the district court's summary judgment order, in which the court granted summary judgment to defendants because "Plaintiff relie[d] almost exclusively on the events surrounding his own arrest and subsequent investigation to show that the City maintained a widespread policy" of indifference regarding use of excessive force and that Santos had therefore not provided sufficient evidence to demonstrate the existence of such a policy. Because the granting of extremely limited and highly inadequate discovery prevented Santos from developing the facts necessary to prevail on his *Monell* claim, I would hold that the district judge erred in affirming the magistrate judge's discovery order.

With respect to the district courts order granting summary judgment to defendants on the *Monell* claim, the majority affirms on the basis that Santos did not demonstrate that defendants' policy "caused" the violation of Santos's rights. Because I believe that the magistrate judge deprived Santos of the ability to show that defendant's maintain a policy of indifference with respect to the use of excessive force by Culver City police officers, it follows that the he likewise deprived Santos of the opportunity to show that the existence of such a policy "caused" the violation. Moreover, it should be self-evident that the existence of a policy of indifference to the use of excessive force would, in and of itself, be sufficient to show that the use of excessive force in a particular instance is "causally connected" to defendants' policy

of indifference to such conduct. Accordingly, I would reverse the district court's grant of summary judgment as to the *Monell* claim.