Tok Cha KIM; Tok Cha Investments, Inc., Plaintiffs—Appellants,

v.

CB RICHARD ELLIS HAWAII, INC., Defendant—Appellee.

No. 07–17076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 20, 2008.

Filed July 1, 2008.

Shawn A. Luiz, Esq., Law Offices, Honolulu, HI, for Plaintiffs–Appellants.

Arthur H. Kuwahara, Lee Kim Wong Yee & Lau, Eric T.W. Kim, Esq., Honolulu, HI, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM *

Tok Cha Kim and Tok Cha Investments, Inc. ("TCI") (collectively, "Kim") appeal the summary judgment dismissing their state and federal claims against CB Richard Ellis Hawaii, Inc. ("Richard Ellis"). Kim also appeals the district court's discovery sanctions order, which denied her request for entry of default. We affirm the judgment.

### I

Kim contends that the district court abused its discretion by affirming the magistrate judge's discovery sanctions order, which denied her request for entry of default. The district court did not err. "[S]anctions available to the district court are discretionary and the imposition of such sanctions 'as are just' will not be reversed unless there has been an abuse of discretion." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981). Entry of default is available only if non-compliance is "due to willfulness, fault or bad faith." *Id.* Kim's argument is without merit because there is no evidence that Richard Ellis acted in bad faith.

---

* This disposition is not appropriate for publication and is not precedent except as provided

### II

Kim also contends that the district court erred by dismissing her state and federal claims. Viewing the evidence in the light most favorable to Kim, there are no disputed issues of material fact. *See Universal Health Servs. Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004). Summary judgment was appropriate.

### A

On Kim's theft by deception claim (Count I), she fails to state a claim upon which relief may be granted because theft by deception is a criminal violation, not a civil claim, under Hawaii law. *See* Haw. Rev.Stat. § 708–830. Even if we liberally construe Count I as a civil claim for conversion, the claim fails because there is no evidence that Richard Ellis had "a constructive or actual intent to injure" Kim's interest in her business plan. *Brooks v. Dana Nance & Co.*, 113 Hawai'i 406, 153 P.3d 1091, 1100 (2007) (internal quotation marks omitted). Although Kim argues that emails in the record demonstrate Richard Ellis' intent to use the business plan for negotiations with other tenants, these emails merely show that Richard Ellis was exploring other tenant options. There is no evidence that Richard Ellis disseminated the business plan to anyone other than Pacific Guardian Center ("PGC"), the intended recipient.

### B

The district court did not err by dismissing Kim's claims that Richard Ellis failed to disclose PGC's unwillingness to negotiate a new lease, and that Richard Ellis failed to disclose its bias against Korean businesses (Counts II and III). Richard

by 9th Cir. R. 36–3.

Ellis had no duty to disclose these subject matters to Kim. *See Prop. House, Inc. v. Kelley,* 68 Haw. 371, 715 P.2d 805, 810 (1986) (holding that a real estate broker has a duty of disclosure to its principal). Undisputed evidence also contradicts Kim's assertion that PGC had no intention of negotiating with TCI. For example, PGC offered Kim alternative retail space and a rent reduction plan, and expressed its desire to retain TCI as a tenant. The email from Richard Ellis mentioning "marginal" Korean stores even recommends renegotiation with TCI as an option.

### C

■■■ The district court properly granted summary judgment on Kim's claims under Hawaii's consumer protection law (Count IV). First, as a corporation, TCI is not a "consumer" with standing. *See* Haw.Rev.Stat. § 480–2(d); *see also id.* § 480–1 (defining "consumer" as "a natural person"). Kim is not a "consumer" with standing because her lease was neither a purchase of goods or services nor a personal investment. *See id.* § 480–1; *see also Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc.,* 107 Hawai'i 423, 114 P.3d 929, 941–42 (Haw.Ct.App.2005) (concluding that a business owner executing a commercial lease is not a "consumer" under § 480–1). Second, even if Kim's claim is construed as an unfair methods of competition claim, she fails to adduce any evidence that Richard Ellis' methods of competition harmed her. *See Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.,* 113 Hawai'i 77, 148 P.3d 1179, 1215 (2006) (holding that businesses have standing to challenge unfair methods of competition only if "the nature of the competition is sufficiently alleged in the complaint.").

### D

The district court did not err by granting summary judgment on Kim's racial discrimination claims under 42 U.S.C. §§ 1981 and 1982 (Counts VII and VIII). We analyze these claims under the burden-shifting framework used in Title VII disparate treatment cases. *Metoyer v. Chassman,* 504 F.3d 919, 930–31 (9th Cir.2007). Under this framework,

> if the plaintiff satisfies the initial burden of establishing a *prima facie* case of racial discrimination, the burden shifts to the defendant to prove it had a legitimate non-discriminatory reason for the adverse action. If the defendant meets that burden, the plaintiff must prove that such a reason was merely a pretext for intentional discrimination.

*Lindsey v. SLT L.A., LLC,* 447 F.3d 1138, 1144 (9th Cir.2006) (internal citations omitted). Although minimal evidence is sufficient to establish a *prima facie* case, "when evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate." *Id.* at 1148 (internal quotation marks omitted).

■■■ An email statement by a Richard Ellis employee about "marginal" Korean operators is not by itself sufficient to take the claim to a jury. Assuming that Kim established a *prima facie* case that some employee of Richard Ellis expressed a negative racially stereotypical view of her business, the defendant produced undisputed evidence of non-discriminatory reasons for Kim's failure to conclude a new lease. Kim's rejection of an offer of alternative retail space was not causally related to any action taken by Richard Ellis. Moreover, TCI's failure to pay rent under its existing lease was itself a sufficient reason for the negotiations to break down. Kim offers no evidence to show that these reasons were mere pretexts for intentional discrimination.

### E

The district court correctly dismissed Kim's claim that Richard Ellis breached an

implied covenant of good faith and fair dealing (Count IX), because the record contains no evidence of a contractual relationship between Kim and Richard Ellis. Kim contends that Richard Ellis' solicitation of TCI's business plan is evidence of a verbal contract to renegotiate her lease. This argument is without merit. We cannot construe the business plan as evidence of a contract because Kim offers no evidence of consideration. *See Douglass v. Pflueger Haw., Inc.,* 110 Hawai'i 520, 135 P.3d 129, 143 (2006) (stating that consideration is an essential element in formation of a valid contract).

### F

The district court did not err by granting summary judgment on Kim's claim of fraud (Count X). Kim's complaint did not plead fraud with the particularity required by Fed.R.Civ.P. 9(b). *See, e.g., Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989) (holding that plaintiffs alleging fraud must include statements concerning the time, place and nature of the alleged fraudulent activities; "mere conclusory allegations of fraud are insufficient.").

### G

[5] The district court correctly dismissed Kim's claims for tortious interference with a contract, and tortious interference with a prospective business advantage (Counts XI and XII). Tortious interference with *existing* contractual relations requires a plaintiff to show "the defendant's intentional inducement of [a] third party to breach the contract." *Kutcher v. Zimmerman,* 87 Hawai'i 394, 957 P.2d 1076, 1087 (Haw.Ct. App.1998). Kim cannot meet this requirement because it is undisputed that she, not PGC, breached the existing lease by not paying rent after August 2003. Tortious interference with *prospective* contractual relations requires a plaintiff to show that "the defendant intentionally interfered with the plaintiff's prospective contract" and "the defendant's interference caused the third party to fail to consummate the prospective contract with the plaintiff." *Id.* at 1088. There is no evidence that Richard Ellis intentionally interfered with Kim's efforts to sign a new lease, nor is there evidence that Richard Ellis' actions caused PGC not to negotiate with Kim. PGC continued to negotiate with Kim and offered alternative retail space even after Richard Ellis resigned as broker.

### III

Kim contends that the district court erred by denying her cross-motion for summary judgment. She argues that there was no triable issue of fact that Richard Ellis was motivated by racial animus, that Richard Ellis converted TCI's business plan, and that Richard Ellis concealed and misrepresented facts relating to the renegotiation of the lease. For the reasons stated above, the record does not support Kim's arguments, and the district court did not err by denying her cross-motion.

**AFFIRMED.**