PER CURIAM:
The issue on appeal is whether the employer is an indispensable party in an action against a labor union for breach of its duty to fairly represent a union member in processing a grievance against the employer. We hold that it is not.
Plaintiff filed an action in the Superior Court, Maricopa County, Arizona against the defendant union alleging:
1. On November 28, 1972, he was a member in good standing of the union.
2. That on that date while working for United-Metro, Inc., he stopped his truck and then became involved in a fight with two pedestrians, one of whom subsequently died.
3. Criminal charges were filed against him and his employer discharged him in violation of the collective bargaining agreement between his employer and the union.
4. He was acquitted of the criminal charges but his employer did not reinstate him.
5. He repeatedly requested that his union file grievance proceedings against the former employer.
6. The union refused to do so and thereby breached its duty of fair representation pursuant to 29 U.S.C. §§ 185, 159(a).
The union removed the action to the United States District Court pursuant to 28 U.S.C. § 1441(b) and filed a motion to dismiss claiming that the employer, United-Metro, Inc., was an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure, and that without joinder of the employer as a defendant the action must be dismissed.
The district court granted the union’s motion to dismiss with leave to amend. The plaintiff then filed an amended complaint, *644 including the employer as a defendant, alleging that it had wrongfully discharged him in violation of the terms of the collective bargaining agreement between the employer and the union. The allegations against the union were not changed.
The employer in due course filed a motion for summary judgment on the basis that its discharge of the plaintiff had never been challenged under the grievance procedures of the collective bargaining agreement and that its discharge of plaintiff was justified. The plaintiff did not contest the motion and summary judgment was granted in favor of the employer. The union then filed a motion for summary judgment contending that since the court had determined in the judgment in favor of the employer that plaintiff’s discharge was not wrongful and did not constitute a breach of the collective bargaining agreement, the union could not commit any breach of fair representation by not processing a grievance with respect to plaintiff’s discharge. That motion was granted, judgment was entered against plaintiff and this appeal followed pursuant to 28 U.S.C. § 1291.
The district court erred when it determined (1) that the employer is an indispensable party in a fair representation action against his union and (2) that if an action does not lie against the employer then no action can lie against the union.
Rule 19 of the Federal Rules of Civil Procedure states that a party is indispensable if in its absence complete relief cannot be accorded among those already, parties, or disposition of the action without its participation may impede or impair its ability to protect its interests or subject it to multiple or inconsistent adjudication. Neither an employer nor a union is an indispensable party in an action against the other by an employee-union member when the action against the employer is based on a violation of the terms of the collective bargaining agreement and the action against the union is based on the statutory duty of fair representation.
In his amended complaint which the district court forced the plaintiff to file or suffer dismissal based upon Rule 19, plaintiff’s cause of action against his former employer was contractual. He alleged that the employer discharged him in violation of the provisions of the collective bargaining agreement between the union and his employer which was in effect at the time of his discharge. In such a cause of action, the union is not an indispensable party since the sole wrongdoer is the employer. The employer may allege as a possible defense that the collective bargaining agreement was void or invalid or unenforceable. In that event, the employer may be required to join the union as a party under Rule 19. However, those matters were not presented in this case.
On the other hand, the cause of action against the union pleaded by the plaintiff is a statutory right based upon the union’s duty to fairly represent him. A breach of that statutory duty of fair representation occurs only when a union’s conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith. Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The sole actor in such a cause of action is the union. The employer is not a participant in the alleged wrong unless, of course, the employee alleges that his union and his employer conspired against him.
The union’s duty of fair representation, first enunciated by the Supreme Court in Steele v. Louisville & Nashville Railroad Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), requires the exclusive bargaining representative “to serve the interest of all members without hostility or discrimination toward any.” Vaca v. Sipes, supra, at 177 [65 S.Ct. 226]. This duty was derived from a union’s statutory right to be the exclusive representative of the members of a designated unit, from which the Supreme Court found an implied statutory obligation to give members equal representation. See Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). The duty of *645 fair representation is thus a federal obligation which has been judicially fashioned from national labor statutes.
Abrams v. Carrier Corp., 434 F.2d 1234, 1251 (2d Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971). The possibility that an employee may allege such wrongdoing by his employer does not make the employer an indispensable party when the employee chooses not to do so or it has been established, as in this case, that the employer committed no wrong.
The basis of the unopposed summary judgment in favor of the employer was the fact that the plaintiff admitted that his discharge was not based on any of the improper grounds contained in the collective bargaining agreement between his employer and his union, and therefore the employer could exercise its right to discharge him for causes it deemed reasonable. The employee had violated company rules by stopping a company truck during working hours and fighting with pedestrians. The employee is thus precluded from obtaining any damages against his employer. This does not, however, imply that he does not have a valid cause of action against his union for refusing in bad faith to file grievance procedures on his behalf. See Cammarata v. Ice Cream Drivers & Employees Union, Local 757, 441 F.Supp. 696 (E.D.N.Y. 1977).
At trial, the court may determine that the union did not violate any duty to fairly represent the employee. That issue was never presented in this proceeding since the district court held that if an employer is not liable under the employment contract for discharging the employee, then the union as a matter of law cannot be held liable under its statutory duty of fair representation even if it had acted in bad faith.
The district court has misconstrued Vaca v. Sipes. There the court stated “[tjhough the union has violated a statutory duty in-failing to press the grievance, it is the employer’s unrelated breach of contract which triggered the controversy and which caused this portion of the employee’s damage. The employee should have no difficulty recovering these damages from the employer, who cannot, as we have explained, hide behind the union’s wrongful failure to act: in fact, the employer may be (and probably should be) joined as a defendant in the fair representation suit . . . .” Vaca v. Sipes, supra, 386 U.S. at 197, 87 S.Ct. at 920. The Court did not state that an employee is an indispensable party in a fair representation suit against the union. The Court was explaining its holding that the employer who wrongfully discharged an employee should not be able to avoid his liability when the union has acted in bad faith in not fairly representing the employee.
In Vaca and Czosek v. O’Mara, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970), the Supreme Court has made clear that an employee’s action against his union for violation of the statutory duty of fair representation is separate and distinct from the contractual duty of an employer both as to the origin of the liability and the amount of damages.
Reversed and remanded.