No. 89-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ARDIS JEROME,

        Plaintiff and Appellant,

  -vs-

WILLIAM H. PARDIS, D.C., and
PARDIS CHIROPRACTIC CLINIC, P.C.,

        Defendants and Respondents.

APPEAL FROM: District Court of the Eighth Judicial District,
           In and for the County of Cascade,
           The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joseph C. Engel, III, Great Falls, Montana

    For Respondent:

        J. David Slovak and Neil E. Ugrin; Ugrin, Alexander,
        Zadick & Slovak, Great Falls, Montana

Submitted on Briefs: Oct. 25, 1989

Decided: December 6, 1989

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves the imposition of sanctions under Rule 37, M.R.Civ.P. for abuses of discovery. Plaintiff Ardis Jerome appeals the order of the Eighth Judicial District Court, Cascade County, granting defendants', William H. Pardis and Pardis Chiropractic Clinics, P.C., motion to dismiss Jerome's cause of action with prejudice. We affirm.

Appellant Jerome raises a sole issue on appeal: Did the District Court abuse its discretion by dismissing Jerome's lawsuit on the grounds that she violated Rule 37, M.R.Civ.P.?

Jerome's complaint alleges that during treatment in early June of 1984, Dr. Pardis negligently caused a herniation of a disk at the L4/L5 level of her spine. After filing of the complaint, Pardis served Jerome with several interrogatories and requests for production. The interrogatories requested Jerome to identify all persons who had treated her back condition and to supply information regarding previous or subsequent injuries, illness or problems involving her lower back. The requests required production of all Jerome's medical records.

Jerome was served with the request for production on July 20, 1987. On December 8, 1987 Jerome produced medical records from various health care providers, including records from Dr. Mark T. Stoebe, D.C., the treating chiropractor who examined Jerome immediately after the visits with Pardis that allegedly caused her injury. Dr. Stoebe's records included a letter dated October 8, 1986 to Jerome's counsel, in response to questions By Jerome's counsel regarding diagnosis of Jerome's condition and whether Pardis' treatment was appropriate. This letter produced by Jerome from Stoebe's records stated:

2

The following is a response to your letter dated September 22, 1986. I cannot state with certainty that Dr. Pardis treatment did in effect cause the low back condition that Ardis Jerome came to me complaining of, in that I did not see the patient prior to her adjustment on 6-7-84, although the condition that I examined on 6-8-84 was certainly an acute left lateral grade II disc protrusion of the L4 intervertebral disc. It is my experience that conditions of this type have some kind of traumatic history and I see no indication of previous trauma in Dr. Pardis notes. Also I note an absence of any orthopedic, neurological, or x-ray findings. Furthermore, the patient indicated on 6-8-84 that she had no previous history of sharp low back pain prior to her visit on 6-7-84.

If you have any further questions. . . .

At the September 1, 1988 deposition of Dr. Stoebe, Pardis learned that the letter produced by Jerome's counsel was an apparent rewrite of Dr. Stoebe's original letter of October 8, 1986. The longer version omitted the second to the last sentence and also included additional language after the first sentence, damaging to plaintiff's case:

. . . First of all a spondylolisthesis implies a congenital malformation of the pars inter articularis. The term applies to an anterior or forward slipping of the the body of the lower lumbar vertebrae relative to the pedicles. Research as of the last six months has pointed to a possible traumatic cause of this condition, although it is still speculative at this point. The reason for this theory is that a spondylolisthesis has never been found in any patient under 5 years of age.

It appears as though the adjustments employed by Dr. Pardis on 6-7-84 were correct and indicated for his findings. . . . (Letter continues with second sentence as quoted above.)

3

At his deposition Stoebe testified that both letters were in his file and that the entire file was supplied to Jerome's counsel. Jerome's counsel claims that the original letter was probably discarded, and did not need to be produced anyway because it supported and confirmed plaintiff's theory of liability and thus was not relevant to defendant's case.

Jerome also produced only two pages of a handwritten three page history prepared by Jerome when she first visited Dr. Stoebe. The omitted page indicates in Jerome's own writing that she hurt her back moving and lifting tables about two weeks prior to visiting Stoebe and before she visited Pardis, and that she had back trouble for the last 25 years.

Additionally, after assurances by Jerome's counsel that full and complete responses to the production requests and interrogatories had been supplied, Jerome failed to identify a number of her past health care providers and subsequent depositions indicated that only a fraction of the medical records were supplied. Jerome also indicated in answering the interrogatories that she had never filed an insurance claim regarding her back problems. A subsequent deposition later revealed that a claim was in fact made in 1979.

On October 6, 1988, Pardis filed his motion for sanctions, alleging that Jerome and her counsel had committed blatant discovery abuses in violation of Rule 37, M.R.Civ.P. In its order of February 10, 1989, the District Court found that the discovery tactics pursued by the plaintiff had caused substantial prejudice to defendants that could not be corrected without defendants incurring considerable expense, particularly in re-deposing physicians who had relied on incomplete medical records. Because of the totality of the circumstances regarding the alleged abuses and the severity of the prejudice suffered by defendants the District Court

4

dismissed Jerome's claim with prejudice, resulting in this appeal.

This Court has followed the rationale of the United States Supreme Court's holding in National Hockey League v. Metropolitan Hockey Clubs, Inc. (1976), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, in adopting a strict policy of non-leniency toward discovery abusers and of allowing sanctions for deterrence purposes. Owen v. F.A. Buttrey Co. (1981), ___ Mont. ___ , 627 P.2d 1233, 38 St.Rep. 714. The authority used by the District Court to dismiss Jerome's case is found at Rule 37(d), M.R.Civ.P., which is identical to its federal counterpart, and provides:

> Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . .

Rule 37(d), M.R.Civ.P. The actions authorized by Rule 37(b)(2)(A)-(C) include dismissal. Rule 37(b)(2)(C).

Rule 37(b) provides for sanctions for failure to comply with a court order compelling discovery. State ex.rel. Burlington Northern v. District Court (1989), 779 P.2d 885, 893, 46 St.Rep. 1625, 1634. Rule 37(d) authorizes the imposition of sanctions for 3 specific failures--1) failure

5

to attend at one's own deposition, 2) failure to serve answer's to interrogatories, or 3) failure to serve a written response to a request for production--without first requiring that the non-responding party be ordered to comply. No second chance is contemplated. Thus, there is an important distinction between Rule 37(b) and Rule 37(d): under section (b) sanctions are not available without a previous court order; under section (d) no order is necessary, however, sanctions are only authorized for the three enumerated failures. Burlington Northern, 779 P.2d at 893. We have acknowledged this distinction in several former cases. See First Bank Billings (N.A.) v. Heidema (1986), 219 Mont. 373, 711 P.2d 1384; Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 728 P.2d 430; Thibodeau v. Uglum (1982), 201 Mont. 260, 653 P.2d 855.

Pardis contends that a prior motion to compel was not necessary in this case because the sanction of dismissal was imposed on the grounds of the abuses enumerated in Rule 37(d), rather than the more usual situation of a partial failure to comply. However, an immediate sanction imposed under Rule 37(d) generally contemplates a complete failure or outright refusal to cooperate. See Crowley, William F., Montana Pleading and Practice Forms, p. 175, 183, (1983). In the case at bar, the abuses complained of do not constitute an outright refusal to comply with discovery rules. Rather, Jerome has simultaneously complied with Pardis' discovery requests on a partial level while actively withholding relevant information and documents in an attempt to conceal her medical history. Pardis apparently did not move for an order compelling discovery because it was not clear the information was being withheld until depositions were taken and the prejudice and taint of the abuses already complete.

In its order dismissing Jerome's case, the District Court relied on G.K. Properties v. Redevelopment Agency (9th Cir. 1978), 577 F.2d 645, where the Ninth Circuit Court of Appeals held:

> Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgement by default against the party responsible for non-compliance. Fed.R.Civ.P. 37(b). (Emphasis added.)

577 F.2d at 647. The trial judge based his decision on Rule 37(d), however, the Ninth Circuit' decision in G.K. Properties is actually based on subdivision (b) of the Rule. As we noted earlier, this case does not involve one of the three complete failures to comply with discovery enumerated in Rule 37(d). Furthermore, we decline to adopt the "bad faith" rationale of G.K. Properties as authority for imposing sanctions under Rule 37(b) without a prior court order in this case. Rather, we affirm the ruling of the District Court on the basis of Rule 26(g), M.R.Civ.P.

In cases where a trial judge sits without a jury and no testimony is taken, the scope of review on appeal is much broader, and this Court is free to make its own examination of the entire case and to make a determination in accordance with its findings. Shimsky v. Valley Credit Union (1984), 208 Mont. 186, 189-190, 676 P.2d 1308, 1310. We will also uphold the result reached below if correct, regardless of the reasons given for the conclusion. Shimsky, supra, Steadman v. Halland (1982), 197 Mont. 45, 52, 641 P.2d 448, 452. The result reached by the District Court is correct on the basis of Rule 26(g), M.R.Civ.P. The Rule was enacted in 1984 along with the amendments to its parallel, Rule 11, M.R.Civ.P,

which governs abuses in pleadings and motion practice. Rule 26(g) provides:

> Rule 26(g) Signing of discovery requests, responses, and objections. Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name. . . . The signature of an attorney or party constitutes a certification that he has read the request, response, or objection, and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary dely or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation. . . .
> If a certification is made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction. . . . (Emphasis added.)

Rule 26(g) M.R.Civ.P. By signing responses to the discovery requested by Pardis, Jerome and her counsel certified that the responses were (1) consistent with the rules of discovery, (2) not interposed for for any improper purpose, and (3) not unreasonable or unduly burdensome. The certification fails on all three counts. The responses attempted to mislead Pardis by concealing information material to his defense. The responses would create an unreasonable burden and increased expense to Pardis in re-deposing witnesses whose prior testimony was given without the benefit of the improperly withheld information. Finally,

8

withholding of this information by the plaintiff is clearly not consistent with the rules and spirit of discovery. Dismissal with prejudice is an appropriate sanction in this case. The District Court did not abuse its discretion.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices