JUSTICE GRAY,
concurring in part and dissenting in part.
*316 ¶136 I concur in the Court’s opinion on all issues except the second portion of issue 5 and issue 2. With regard to that portion of issue 5 relating to Social Security benefits, I join in Judge Harkin’s special concurrence and dissent. With regard to issue 2, whether the District Court abused its discretion in entering a default judgment on liability against Klemens as a sanction for alleged discovery abuses, I concur in the result the Court reaches but I do not agree entirely with the Court’s analysis or all that is said therein.
¶137 With regard to default judgments as sanctions for discovery abuses pursuant to Rule 37(d), M.R.Civ.R, I agree with the Court that the trial judge generally is in the best position to know when a party callously disregards the rights of its opponent and to determine which sanction is the most appropriate. I also agree wholeheartedly that discovery abuse must no longer be dealt with leniently and that transgressors should be punished rather than repeatedly encouraged to cooperate.
¶138 These agreements, however, do not change my view that the Court’s discussion and analysis of the sanction issue is flawed. In my view, the Court should first resolve the threshold question inherent in this important issue. That question, simply stated, is whether the District Court’s determination that there were “no less than four direct discovery violations ... falling under Rule 37(d) M.R.Civ.R” is correct. Only by doing so do we give guidance to the district courts and legal practitioners; and only after doing so can we review the default judgment under the appropriate standard of review.
¶139 The Montana Rules of Civil Procedure provide the authority for a district court to impose sanctions for discovery abuses. Rule 37(b), M.R.Civ.R, authorizes sanctions for failure to comply with a court order compelling discovery; the available sanctions are set forth in paragraphs (A), (B), and (C) of that rule and include “rendering a judgment of default against the disobedient party[.]” Jerome v. Pardis (1989), 240 Mont. 187, 191, 783 P.2d 919, 921 (citation omitted). Rule 37(d), on the other hand, provides for the imposition of the same range of sanctions for a failure:
(1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request[.]
*317 Read together, the important distinction between Rule 37(b) and Rule 37(d) is that sanctions are not available under subsection (b) without a previous court order, while sanctions are available under subsection (d) without a previous order but only for the three enumerated failures. Jerome, 240 Mont. at 191, 783 P.2d at 921 (citations omitted).
¶140 Against this backdrop, then, I turn to the District Court’s determination that Klemens’ discovery-related conduct in this case resulted in “no less than four direct discovery violations” under Rule 37(d), M.R.Civ.P. As set forth above and pursuant to both Rule 37(d) and Jerome, discovery-related sanctions can be imposed under subsection (d) only if the discovery actions or inactions fall within the three enumerated violations stated therein. Klemens’ Rule 37(d) violations, as determined by the District Court, are (1) “failure to give accurate answers to Interrogatories!;]” (2) “failure to provide the key documents at deposition!;]” (3) “failure of defendant’s agents, including their electrical manager who actually performed some of the critical work, to disclose [certain] facts at deposition!;]” and (4) “failure to provide two key witnesses [for] deposition, including one who also performed critical work.”
¶141 After close scrutiny of the record before us, and stated only briefly, I would conclude that the District Court’s first determination is correct under Eisenmenger, where we made it clear that a complete failure to respond to interrogatories is not required before sanctions are allowed under Rule 37(d). With regard to the District Court’s other determinations of “direct discovery violations” under Rule 37(d), I would conclude that the District Court erred. In my view, those instances of Klemens’ conduct do not fall within the violations specifically enumerated in Rule 37(d) as proper foundations for sanctions for discovery abuse. In summary, the District Court was authorized under Rule 37(d) to impose sanctions in this case as a result of Klemens’ one Rule 37(d) violation and the remaining issue is whether the sanction imposed — default judgment on liability — was justified. In my opinion, the matters the District Court erroneously determined to be violations of Rule 37(d) are relevant in resolving this remaining question.
¶142 In reviewing the propriety of the sanction, it is my view the “abuse of discretion” test set forth in Eisenmenger — rather than the three-factor test from Maloney set forth by the Court but never applied — is the proper standard of review in cases such as Eisenmenger and the present case involving Rule 37(d) violations. The Maloney *318 test, taken from Smith, is appropriate in cases like those, which involve Rule 37(b) violations. Applying the third Maloney factor — whether the court expressly warned the allegedly abusive party of the consequences — makes good sense in the Rule 37(b) situations which generally involve motions to compel, court orders requiring certain discovery, repeated violations of court orders and the like. Those are the situations in which an express warning of coming consequences could, and would, as a practical matter, be given. That factor makes little or no sense in the Rule 37(d) context where sanctions are available without a previous court order but only for the enumerated violations and where “[n]o second chance is contemplated.” Jerome, 240 Mont. at 191, 783 P.2d at 921. I fail to comprehend how Rule 37(d) discovery sanction situations provide any reasonable opportunity for the trial court to “expressly warn” of coming consequences.
¶143 Under the abuse of discretion standard, our strong commitment to the principle that the trial judge generally is in the best position to determine which sanction is appropriate, and the complete record before us including the matters of importance referenced by the District Court but, in my view, not constituting Rule 37(d) violations, I join the Court in concluding that the District Court did not abuse its discretion in imposing the sanction of default judgment on liability against Klemens.