R & R SAILS INC., doing business as Hobie Cat Company, Plaintiff,

v.

INSURANCE COMPANY OF the STATE OF PENNSYLVANIA; Does 1 Through 10, inclusive, Defendants.

Civil No. 07–cv–0998–H (POR).

United States District Court, S.D. California.

April 18, 2008.

---

Steven J. Cologne, Higgs Fletcher and Mack, San Diego, CA, for Plaintiff.

Keith Edward Butler, Ian Robert Feldman, Clausen Miller PC, Irvine, CA, for defendants.

## ORDER ISSUING MONETARY SANCTIONS AND RECOMMENDING NON–MONETARY SANCTIONS

LOUISA S. PORTER, United States Magistrate Judge.

By Order dated February 21, 2008, Defendant was ordered to show cause why sanctions should not issue for Defendant's failure to timely produce electronically-stored information requested by Plaintiff (Dkt. No. 22.) The Court held a hearing on Plaintiff's request for sanctions on April 3, 2008. Thomas Ferrell, Esq., appeared on behalf of Plaintiff; Ian Feldman, Esq., and Keith Butler, Esq., appeared on behalf of Defendant.

Plaintiff seeks sanctions in the amount of $67,154.72, for attorneys fees and costs asso-

ciated with Defendant's untimely production of electronically-stored information. (Dkt. No. 24 at 23.) At the April 3, 2008 hearing, Plaintiff also requested non-monetary sanctions that Defendant be precluded from entering or relying upon any evidence which has not been produced to date, and that any deposition transcripts which have not yet been corrected by Defendant be made final.

## BACKGROUND

Plaintiff is a manufacturer of racing and recreational watercraft, with a manufacturing facility in Woolamia, Australia. (Complaint, Dkt. No. 1 at 12.) Allegedly, Defendant insured Plaintiff from March 24, 2001 through March 24, 2002 under a policy that would provide benefits for fire losses. (*Id.* at 10.) On December 25, 2001, Australian wildfires destroyed the Woolamia property, its inventory, supplies and work in process. (*Id.* at 13.) Plaintiff's overall manufacturing, marketing and sales were delayed, as Plaintiff struggled to meet its obligations under a contract to provide sixty catamarans for use in a racing event in April 2002. (*Id.* at 13–15.) Defendant has paid Plaintiff for loss of property, but Plaintiff claims that the value of all lost property exceeds the amount paid and Plaintiff also seeks further payment under the insurance contract for loss of income, business interruption and extra expenses. (*Id.* at 16–18.) Plaintiff filed a complaint in San Diego County Superior Court to enforce the contract on May 1, 2007. (*Id.* at 8–26.) The complaint was removed to this Court on June 1, 2007. (Dkt. No. 1 at 1–3.)

On July 13, 2007, Plaintiff served a first Request for Production of Documents on Defendant. (Dkt. No. 24–4 at 4.) The request defined "document" as:

a writing as defined in California Evidence Code section 250 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols or combinations of them.

(*Id.* at 5.) The documents requested included all of Defendant's underwriting documenta-

tion (Request 3, *Id.* at 6), all documents pertaining to Plaintiff's insurance policy (Request 4, *Id.*), all documents pertaining to Plaintiff's claim for coverage (Request 5, *Id.*), and all claim files (Request 6, *Id.*).

On September 7, 2007, Plaintiff sent a later to Defendant noting that "[c]onspicuously absent from [Defendant's production of documents] are electronic or handwritten daily activity records/logs which are generally kept with an adjuster's notes and telephone call records." (Dkt. No. 24–4 at 20–21.) This letter was followed by another letter on September 10, 2007, in which Plaintiff's counsel listed topics to be discussed at a requested meet-and-confer regarding discovery. (Dkt. No. 24–4 at 22–23.) This letter states: "we have not been provided with any electronic or handwritten daily activity records/logs which are generally kept with an adjuster's notes and telephone call records." (*Id.* at 22.)

Plaintiff's letters did not result in further production by Defendant, and on October 29, 2007, counsel for the parties jointly contacted this Court's chambers to request that a discovery conference be scheduled regarding their dispute over the production of the requested information. The Court held a discovery conference on November 20, 2007. At that time, Defendant's counsel represented that a complete copy of Plaintiff's claim file had been produced on August 30, 2007. (Dkt. No. 11–2 at 4–5.) Defendant's counsel asserted at the conference that Defendant had responded to Plaintiff's request for discovery and explained that no daily logs or telephone records had been produced to Plaintiff because no daily logs or telephone records were maintained by Defendant's insurance adjusters. The Court expressed skepticism about counsel's claim and ordered on November 29, 2007 that "Defendant shall either produce all daily activity logs or a verified declaration that Defendant is not in possession of daily activity logs." (Dkt. No. 13 at 3.) On December 14, 2007, a declaration was signed by Blaise Lombardo, senior property claims examiner for Defendant, which stated that "[t]here were no daily activity logs or telephone record logs that were cre-

ated or maintained in connection with plaintiff's claim." (Dkt. No. 24–4 at 59, ¶ 3)

Lombardo was scheduled to be deposed as Defendant's 30(b)(6) deponent on January 9, 2008, and to be deposed as a percipient witness on January 10, 2008. (Dkt. No. 24–3 at ¶ 2.) On January 7, 2008, Lombardo met with counsel Ian Feldman to prepare for those depositions. (Dkt. No. 29–2 at ¶ 3.) In the course of this meeting, Lombardo realized that the records requested by Plaintiff did exist in a computerized database maintained by Defendant. (Dkt. No. 29–2 at ¶ 4; Dkt. No. 29–3 at ¶ 7.) Lombardo went to his office, accessed the database from his computer, printed the records, and returned to counsel's office. (Dkt. No. 29–2 at ¶ 4–5; Dkt. No. 29–3 at ¶ 7.) Defendant's counsel reviewed the notes for privileged communications. (Dkt. No. 29–2 at ¶ 5.) Counsel determined that one printed page was privileged because it referenced a November 16, 2007 communication between Lombardo and counsel. (*Id.*) On January 8, 2008, Defendant's counsel sent eleven pages of the electronic notes to Plaintiff's counsel, via fax. (*Id* at ¶ 6–7.) Plaintiff's counsel was already en route to New York to take Lombardo's deposition when the fax was received. (Dkt. No. 24–3 at ¶ 3.)

Having received the electronically-stored information from Lombardo's computer the previous evening, Plaintiff's counsel attempted to proceed with Lombardo's 30(b)(6) deposition on January 9, 2008. (Dkt. No. 24–3 at ¶ 4.) Lombardo conceded on the record that his declaration dated December 14, 2007 was incorrect and that a claim log was maintained electronically by Defendant, separately from the paper-form claim file that had been produced to Plaintiff. (Dkt. No. 24–4 at 89.) Lombardo also represented that all documents responsive to Plaintiff's discovery requests had since been produced. (*Id.* at 88.) The parties jointly contacted chambers for a Discovery Conference regarding Plaintiff's request that Lombardo's deposition be adjourned. This Court's Order following that Discovery Conference states that "Defendant opposes Plaintiff's request to suspend the deposition on the ground that the deposition ought to be completed as scheduled because

Plaintiff is now in possession of all the records necessary to depose Lombardo." (Dkt. No. 18 at 2.) The Court ruled in favor of Plaintiff that the "deposition shall be adjourned and the remainder of [Lombardo's] deposition shall be taken at a later date. Plaintiff's counsel reserves a request for sanctions." (*Id.*)

Lombardo's deposition was scheduled to proceed on February 13, 2008, and Lombardo's supervisor, Joseph Chianese—who initially handled Plaintiff's coverage claim—was scheduled to be deposed on February 12, 2008. (Dkt. No. 29–2 at ¶ 9, 13, 16.) On February 11, 2008, while preparing for Chianese's deposition, Defendant's counsel "realized for the first time that [he] had failed to produce six pages of the computer notes that Mr. Lombardo had provided to [him] in January." (*Id.* at ¶ 11.) According to counsel, "[u]nfortunately, in my rush to provide plaintiff's counsel with the notes, I mistakenly faxed only eleven of the seventeen pages … I did not realize my error until I was back in New York for the deposition of Mr. Chianese in early February." (*Id.* at ¶ 7.)

Defendant's counsel produced the remaining pages of claim log entries to Plaintiff's counsel on February 12, 2008, the morning that Plaintiff was scheduled to depose Chianese. (*Id.* at ¶ 11.) The additional six pages of log entries were all from the period of time when Chianese managed Plaintiff's claim. The parties agreed immediately to continue Chianese's deposition to a later date. (*Id.* at ¶ 12.) The following day, Plaintiff took Lombardo's deposition for a second time. (Dkt. No. 24–4 at 90–112.) Lombardo testified that he had given all of the information that he printed out from Defendant's electronic database to counsel in January. (*Id.* at 92–94.) After questioning by Plaintiff's counsel regarding Defendant's database, whether data stored in the database could be altered, and whether all relevant data had in fact been produced, Lombardo's deposition ended prematurely and was subsequently scheduled to be taken yet a third time. (Dkt. No. 24–3 at ¶¶ 12–21; Dkt. No. 24–4 at 90–112; Dkt. No. 29–3 at ¶ 23.)

## DISCUSSION

Plaintiff argues that sanctions are warranted in this case under Federal Rule of Civil Procedure 37, for violations of the Court's order that Defendant produce claim logs if they existed, and for violations of Federal Rules of Civil Procedure 26(e) and 26(g). (Dkt. No. 24 at 19–21.) Plaintiff contends that production of the claim log was an especially important part of the discovery process because of the significance of the log to Plaintiff's claim that Defendant exhibited bad faith in handling Plaintiff's insurance claim. (*Id.* at 21–22.) Plaintiff quotes the Advisory Committee Notes to the 1983 Amendment to Federal Rule of Civil Procedure 26(g), which state: "[i]f primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse." (*Id.* at 24.) Plaintiff argues that Defendant's representations to Plaintiff and to the Court that a claim log responsive to Plaintiff's discovery request did not exist, violated Rule 26(g) and represent at least a negligent failure by Defendant to locate, review and produce discovery. (*Id.* at 23–24.)

Defendant responds by arguing that sanctions are not warranted under Federal Rule of Civil Procedure 26 nor Rule 37, nor pursuant to the Court's inherent powers, because Defendant's failure to timely produce the claim log was the result of "honest mistakes" which were promptly remedied when discovered. (Dkt. No. 29 at 4.) Though Defendant concedes that Lombardo's signed declaration was incorrect in stating that the claim log did not exist, Defendant explains that Lombardo did not associate Plaintiff's document request with the electronically-stored records which are maintained on his computer rather than in hard-copy, paper form. (*Id.* at 2.) Defendant seeks to explain the incomplete production of the claim log, once identified, as another "inadvertent mistake" unworthy of sanctions. (*Id.* at 3.) Defendant argues that an award of the sanctions sought by Plaintiff under Rule 37 would be unjust because Defendant did not act in bad faith. (*Id.* at 5.) Defendant further argues that the conduct complained of falls short of the conduct sanctionable under Rule 26. (*Id.* at 6.) Finally, Defendant contends that sanctions are not warranted because Plaintiff did not suffer prejudice by Defendant's conduct. (*Id.* at 7–10.)

### A. Sanctions Are Warranted Under Federal Rule of Civil Procedure 26

In 2006, Federal Rule of Civil Procedure 26(f) was amended "to direct the parties to discuss discovery of electronically stored information during their discovery-planning conference." Advisory Committee Notes to 2006 Amendments. In this case, the parties' discovery plan made no mention of possible sources of discovery and gives no indication that the parties discussed the discovery of electronically-stored information at their 26(f) conference. (Dkt. No. 6.)

Plaintiff's first Request for Production of Documents, served upon Defendant on July 13, 2007, provided a boilerplate definition of "document" which did not provide clear notice that Plaintiff sought discovery from electronic sources. (Dkt. No. 24–4 at 5.) However, the discovery of documents "applies to electronic data compilations," as announced by the Advisory Committee Notes to the 1970 Amendments to Federal Rule of Civil Procedure 34. See, *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382–83 (7th Cir.1993) ("the Advisory Committee notes to the 1970 amendment of Federal Rule of Civil Procedure 34 make clear that computer data is included in Rule 34's description of documents."). Prior to the 2006 amendments of the Federal Rules of Civil Procedure, "[d]uring discovery, the producing party ha[d] an obligation to search available electronic systems for the information demanded." *McPeek v. Ashcroft*, 202 F.R.D. 31, 32 (D.D.C., 2001) (citing former language of Fed.R.Civ.P. 34(a)).

When Defendant did not provide the claim log sought by Plaintiff in response to the July 13, 2007 Request for Production of Documents, Plaintiff notified Defendant by letter dated September 7, 2007 that if Defendant maintained "electronic or handwritten daily activity records/logs," Plaintiff was explicitly requesting those. (Dkt. No. 24–4 at 20–21.) Plaintiff's additional letters dated September 10, 2007 and October 8, 2007, memorialize

that Defendant persisted in maintaining the position that no documents responsive to Plaintiff's request for a claim log existed. (*Id.* at 22–25.) When the Court held a discovery conference on November 20, 2007, Defendant's counsel represented that no claim logs or telephone records were maintained by Defendant's insurance adjusters. In response to this representation, the Court ordered that "Defendant shall either produce all daily activity logs or a verified declaration that Defendant is not in possession of daily activity logs." (Dkt. No. 13 at 3.) Defendant produced to Plaintiff the declaration from Lombardo, a senior property claims examiner and Defendant's designated 30(b)(6) deponent, stating that "[t]here were no daily activity logs or telephone record logs that were created or maintained in connection with plaintiff's claim." (Dkt. No. 24–4 at 59, ¶ 3)

Federal Rule of Civil Procedure 26(g) requires that every discovery response be signed by an attorney and the signature "certifies that to the best of the persons's knowledge, information, and belief formed after a reasonable inquiry" that the response is complete and correct. This rule is enforced by a mandatory sanction under Rule 26(g)(3), which reads:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Defendant's production of electronically-stored claim log entries on January 8, 2008 demonstrate that Defendant had made incorrect certifications to Plaintiff as well as representations to the Court-that Defendant's production of discovery was complete.

■ Sanctions under Rule 26(g) must be issued unless violation of the rule was "substantially justified." Defendant claims substantial justification for maintaining the position that no claim log was in Defendant's possession, based on Lombardo's misunderstanding of the discovery being requested of Defendant. (Dkt. No. 29 at 2, 5.) According to Defendant, Lombardo failed to recognize

that the AEGIS database that he entered notes into contained the "daily activity logs or telephone records" that Plaintiff had been requesting. (Dkt. No. 29 at 2; Dkt. No. 29–3 at ¶ 6.)

Lombardo has been an insurance adjuster for twenty-six years and explains that he did not associate the AEGIS database with the claim file that he maintains because "[t]he AEGIS computer system records are kept on a computer system that is separate from my file materials and I do not have a practice of printing them out to put in my file." (Dkt. No. 29–3 at ¶¶ 6–8) Defendant argues that this "honest mistake" substantially justifies the incorrect certifications made to Plaintiff, as well as the false declaration provided to Plaintiff in response to this Court's Order of November 29, 2007. However, to give meaning to the certifications provided on discovery responses, Rule 26(g) requires attorneys or parties to sign their responses "after a reasonable inquiry." Evidence of such an inquiry prior to January 2007 may provide this Court with justification for the incorrect certifications provided to Plaintiff. Instead, this Court is presented with evidence that Lombardo was maintaining a claim log on his own computer using the AEGIS system while failing to recognize that this log was the same "record/log" being requested by Plaintiff. Lombardo entered notes of a communication with counsel into the AEGIS system on November 16, 2007, immediately prior to counsel's representation to this Court that such a system was not possessed by Defendant and close in time to his signing a declaration that no such notes are maintained. (Dkt No. 29–2 at ¶ 5; Dkt. No. 29–3 at ¶ 18) The Court cannot find that a reasonable inquiry was made into whether Defendant possessed discovery responsive to Plaintiff's requests, and therefore the Court does not find Defendant's incorrect certifications to be substantially justified.

Defendant is liable for sanctions, pursuant to Federal Rule of Civil Procedure 26(g), for making incorrect certifications to Plaintiff regarding discovery responses. Those certifications caused Plaintiff unwarranted attorney fees and costs.

## B. Sanctions Are Warranted Under Federal Rule of Civil Procedure 37

■ Federal Rule of Civil Procedure 37(c) provides remedy for a party's failure to supplement its disclosures under 26(e). Rule 26(e) requires that parties supplement their initial disclosures "in a timely matter if the party learns that in some material respect the disclosure or response is incomplete." Previously, parties were required by Rule 26(e) to supplement their disclosures "at appropriate intervals" or "seasonably". See Advisory Committee Notes to 2007 Amendments; *United States v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D.Cal.2001) (discussing continuing duty to supplement document production under Rule 26(e)(2)). Rule 37(c) instructs courts to disallow use of the information that was withheld and/or order the payment of costs and fees caused by the failure to supplement disclosures.

Once Plaintiff established, at Lombardo's January 9, 2008 deposition, that Defendant's earlier certifications and Lombardo's declaration regarding Defendant's discovery responses were incorrect, the parties jointly contacted the Court. At that time, Defendant represented that Plaintiff was in possession of the entire claim log which Plaintiff had earlier requested. (Dkt No. 24–4 at 87–88.) However, one month later, when Plaintiff's counsel traveled again to continue the deposition of Lombardo and also to depose former insurance adjuster Joseph Chianese, Defendant produced additional portions of the claim log. (Dkt. No. 24–3 at ¶ 9; Dkt. No. 29–2 at ¶ 11.) Lombardo declares that he printed all pages of the claim log maintained in the AEGIS system prior to his deposition scheduled for January 9, 2008. (Dkt. No. 29–3 at ¶¶ 18–20) Defendant's production of additional claim log entries on February 12, 2008 demonstrate that Defendant did not complete the disclosure of the claim log in a timely manner.

Similar to sanctions under Federal Rule of Civil Procedure 26(g), sanctions under Rule 37 for violations of Rule 26(e) will issue unless a failure to supplement a disclosure was "substantially justified or is harmless." Defendant claims that the partial disclosure of the claim log upon discovering that it was indeed in Defendant's possession is not sanctionable conduct because it "was an inadvertent mistake, and nothing more." (Dkt. No. 29 at 3.) Defendant's counsel claims to have "realized for the first time that [he] had failed to produce six pages of the computer notes that Mr. Lombardo had provided to [him] in January" on February 11, 2008. (Dkt. No. 29–2 at ¶ 11.) Counsel's explanation for the failure to disclose the remaining pages of the claim log fails to provide substantial justification for the failure. "My omission was not intentional but rather, an oversight on my part. I typed the letter enclosing pages 1–11 while sitting at a paralegal's desk in an office that I do not regularly work from, and handed her the letter and only eleven of the seventeen pages to fax to the plaintiff's attorney." (*Id.* at ¶ 7.) Defendant's letter to Plaintiff did not disclose the existence of the remaining pages, nor did he produce the additional pages until the morning of February 11, 2008. (Dkt. No. 24–4 at 62; Dkt. No. 29–2 at ¶ 7.) Despite Defendant's redaction of claim log entries allegedly protected by the attorney-client privilege, and Defendant's retention of "a page that at the time included one entry, dated November 16, 2007, which ... was not produced on the grounds of attorney-client communication privilege", no privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5) accompanied Defendant's January 8, 2008 disclosure. (Dkt. No. 29–2 at ¶ 5.) Defendant's untimely supplementation of the disclosure of the claim log was not substantially justified.

Defendant argues that sanctions are not warranted under Rule 37 because each portion of the claim log that was eventually produced to Plaintiff was disclosed shortly after Defendant realized that it was in Defendant's possession. (Dkt. No. 29 at 2–4.) Defendant's own letter which accompanied the production of the first set of claim log entries, on the eve of the deposition of the witness responsible for the claim log entries, acknowledged the untimeliness of that production. (Dkt. No. 24–4 at 62.) The second set of claim log entries were produced to Plaintiff a full month after Defendant "became aware that the electronic AEGIS computer notes were the type of claims activity

notes or logs that had been requested." (Dkt. No. 29–3 at ¶ 7.) The Court finds that neither set of claim log entries were produced in a timely manner, and finds further that these failures caused Plaintiff's counsel to attend depositions which could not be properly completed.

Defendant is liable for sanctions, pursuant to Federal Rule of Civil Procedure 37(c), for failing to supplement initial disclosures in a timely matter as required by Federal Rule of Civil Procedure 26(e).

## C. Determination of Sanctions

### 1. Monetary sanctions

■ For violations of Federal Rule of Civil Procedure 26(g), the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Federal Rule of Civil Procedure 37(c) directs that a court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." The Court finds that sanctions under both rules are applicable in this instance.

Plaintiff seeks sanctions in the amount of $67,154.72, for attorneys fees and costs associated with Defendant's untimely production of electronically-stored information. Plaintiff argues that Defendant is liable for these fees and costs, even if Defendant was merely negligent in failing to produce the claim log. (Dkt. No. 24 at 20) (citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir.1985) ("sanctions may be imposed even for negligent failures to provide discovery").) The expenses that Plaintiff claims were caused by Defendant's failures to disclose and supplement the claim log are:

| | |
|---|---|
| Meet and confer efforts | $ 677.50 |
| Briefing, preparation and attendance of Nov. 20 discovery conference | $ 7,195.00 |
| Preparation for January 2008 deposition of Lombardo | $10,140.00 |
| Travel to and attendance of January deposition | $ 9,252.54 |
| Preparation for February 2008 deposition of Lombardo | $ 2,170.00 |
| Travel to and attendance of February 2008 deposition | $11,114.68 |
| Preparation of pleadings for hearing on sanctions | $ 9,105.00 |
| Anticipated fees and costs for March deposition of Lombardo | $12,500.00 |
| Anticipated fees for reply and attendance at hearing on sanctions | $ 5,000.00 |
| Total | $67,154.72 |

(Dkt. No. 24–2 at ¶ 8.)

The Court finds that the "reasonable expenses, including attorney's fees, caused by the failure" of Defendant to comply with Federal Rule of Civil Procedure 26(e) and the "reasonable expenses, including attorney's fees, caused by the violation" of Federal Rule of Civil Procedure 26(g), include: Plaintiff's expenses in traveling to and attending the February and March depositions of Lombardo, the expenses incurred in briefing and attending the November 2007 discovery conference before this Court, and the expenses of preparing the Memorandum in Support of Order to Show Cause prior to the Court's April 3, 2008 hearing. The Court finds that these expenses total $39,914.68.

### 2. Non-monetary sanctions

At the April 3, 2008 hearing, Plaintiff requested non-monetary sanctions that any deposition transcripts which have not yet been corrected by Defendant be made final, and that Defendant be precluded from entering or relying upon any evidence which has not yet been produced.

Defendant argues that an award of non-monetary sanctions should issue only upon the Court's finding that Defendant acted in bad faith. (Dkt. No. 29 at 6.) Defendant is correct to the extent that due process concerns are raised when preclusion sanctions are issued solely as punitive measures. *G–K Properties v. Redevelopment Agency*, 577 F.2d 645, 648 (9th Cir.1978). However, preclusion sanctions are warranted if there is a risk of prejudice to the requesting party and less drastic sanctions are unavailable. *Hamilton Copper & Steel Corp. v. Primary Steel.* 898 F.2d 1428, 1429 (9th Cir.1990). In the context of preclusion sanctions, prejudice to a party is defined as the impairment of that party's ability to go to trial or the threat of interference with rightful decision of the case. *Adriana Intl. Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990).

Plaintiff requests an order from this Court that any deposition transcripts which have

not yet been corrected by Defendant be made final. Federal Rule of Civil Procedure 30(e) requires that a deponent or interested party be allowed thirty days to request review and corrections to a deposition transcript. See, *Hambleton Brothers Lumber Co. v. Balkin Enterprises,* 397 F.3d 1217, 1226 (9th Cir.2005). At the hearing before this Court on April 3, 2008, Plaintiff's counsel represented that the parties have a stipulated agreement that depositions which are not corrected within thirty days, become final. The Court hereby finds that under the parties' own stipulated agreement, the relief requested by Plaintiff is self-executing and the order requested by Plaintiff is not warranted.

Plaintiff also requests that the Court order that Defendant be precluded from entering or relying upon any evidence which has not been produced to date. The Court has had opportunity to present far less drastic measures to Defendant. At the discovery conference held by the Court on November 20, 2007, Defendant was directed to make the reasonable inquiry required by Rule 26(g) and to produce the log requested by Plaintiff. The Court ordered that if this inquiry did not result in production of the log, then Defendant should produce a verified declaration that Defendant did not possess the log. At the discovery conference held by the Court on January 9, 2008, after the declaration had been recanted, Defendant was warned of sanctions but none were imposed. Despite these attempts by the Court to assure that Defendant was complying fully with the discovery obligations imposed by the Federal Rules of Civil Procedure, Plaintiff still has reason to believe that Defendant has not produced all responsive relevant documents that have been requested.

Based on Defendant's past failure to timely produce electronically-stored information, and Plaintiff's concern that additional responsive electronically-stored information may be in Defendant's possession, the Court finds it necessary to recommend non-monetary sanctions "aimed at resolving the compliance issue and restoring some confidence in the discovery process." *Board of Regents of the University of Nebraska v. BASF Corp.,* 2007 WL 3342423, 2007 U.S. Dist. LEXIS 82492 (D.Neb., Nov. 5, 2007) (ordering sanctions where responsive documents were produced one day before the deposition of a key witness but without evidence of a willful failure to produce). By this Court's scheduling order dated September 25, 2007, the deadline for percipient discovery in this case was April 4, 2008. The introduction of any documents or electronic ally-stored information which have already been requested by Plaintiff but were not produced by Defendant within the discovery period, would risk prejudice to Plaintiff. Accordingly, the Court HEREBY RECOMMENDS to the United States District Judge assigned to this case that Defendant be precluded from relying on or introducing any documents, testimony, or expert witness' testimony which relies on documents or electronically-stored information that was requested by Plaintiff but was not produced by Defendant on or before April 4, 2008.

### CONCLUSION

After thorough review of the parties' papers and after hearing oral argument on the matter, the Court finds that monetary sanctions against Defendant are appropriate. Accordingly, IT IS HEREBY ORDERED that Defendant and Defendant's counsel are jointly and severally liable for attorneys' fees and costs caused by the failure to search for and timely produce electronically-stored information. Defendant and Defendant's counsel shall pay Plaintiff, in care of Plaintiff's counsel, the amount of $39,914.68, **within thirty (30) days of the date of this order.** These monetary sanctions are SO ORDERED by this Court and are not made on a report and recommendation basis.

Further, it is HEREBY RECOMMENDED that the United States District Judge assigned to this case preclude Defendant from relying on or introducing any documents, testimony, or expert witness' testimony which relies on documents or electronically-stored information that was requested by Plaintiff but was not produced by Defendant on or before April 4, 2008. No later than **May 2, 2008,** any party may file and serve written objections to this rec-

ommendation of preclusion sanctions. Any objections should be filed with the Court and the document should be captioned "Objections to Recommendation of Non-monetary Sanctions." Any reply to the objections shall be filed and served no later than ten days after being served with the objections.