FILED

02/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0320

DA 21-0320

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 32N

THOMAS ALVARADO,

      Plaintiff and Appellant,

  v.

CORRECTIONAL CORPORATION OF AMERICA, et al.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and For the County of Toole, Cause No. DV-18-016
                Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas Alvarado, Self-Represented, Sheridan, Oregon

      For Appellee:

          Chad E. Adams, Hallee C. Frandsen, Browning, Kaleczyc, Berry & Hoven,
          P.C., Helena, Montana

Submitted on Briefs:  January 19, 2022

Decided:  February 8, 2022

Filed:

                    _____
                            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Alvarado filed this action against Correctional Corporation of America (CCA)[1], alleging that he was denied proper medical care while in federal custody at its facility in Montana. Alvarado asks this Court to reverse the District Court's dismissal of his complaint for providing false and incomplete discovery responses. We affirm.

¶3 Alvarado was a federal inmate at the Crossroads Correctional Center (Crossroads) in Shelby, Montana, for approximately seven months in 2013. Crossroads is a private prison that contracts with the United States Marshal Service and is owned by CCA. In November 2013, nine days before his transfer to a federal facility, Alvarado fell from his bunk bed and injured his left pinky finger and his left knee. Alvarado contends that Crossroads failed to perform x-rays or to treat his pain adequately, despite Crossroads medical center's recommendation that he receive such treatment.

¶4 Alvarado initially sued CCA in the United States District Court for the District of Montana, alleging Eighth Amendment violations. That court dismissed his federal claim and declined to exercise supplemental jurisdiction over any related state law claims.

---

[1] Other defendants were dismissed.

2

Alvarado then initiated this action in the Montana Ninth Judicial District Court, Toole County, in 2018. The District Court construed his complaint liberally as stating a claim of negligence for failure to provide adequate medical treatment and denied in part CCA's motion to dismiss. The parties proceeded with discovery.

¶5 In March 2020, CCA submitted its first set of discovery requests, including requests for production and interrogatories. At that time, Alvarado was incarcerated in the Federal Correctional Institution in Sheridan, Oregon. Alvarado sent incomplete responses to CCA's interrogatories and did not produce any documents, allegedly due to COVID-19 lockdowns in the prison. In response to CCA's Interrogatory #10, which asked whether Alvarado had ever sustained a finger or knee injury in the past, Alvarado replied in full: "I now need surgery and a [m]echanical because my knee was not put in a cast the [day] of my injuries." The court vacated the scheduling order deadlines to accommodate Alvarado during the lockdowns and to give him more time to complete the remaining discovery requests.

¶6 In July 2020, CCA received medical records from a California hospital that treated Alvarado for a hand injury sustained in an accident in 2009, before his incarceration at Crossroads. The records show that the hospital's staff instructed Alvarado to wear a sling and a splint or cast on his left arm. Regarding his left pinky finger, the physician's report states: "There is deformity of the middle phalanx of the fifth digit that is probably old and may be related to previous fracture. There are some mild degenerative changes in the fifth proximal interphalangeal joint. There is marked abnormality in the wrist, but no definite acute abnormality." CCA also received Alvarado's federal prison medical records,

which showed that Alvarado requested and received his medical records multiple times prior to CCA's first set of discovery requests, despite his assertion that he was unable to produce them in the spring of 2020.

¶7 In August 2020, after unsuccessfully attempting to confer with Alvarado, CCA moved the court to sanction Alvarado for multiple discovery abuses or, alternatively, to compel discovery responses. CCA alleged that Alvarado gave false and incomplete responses to interrogatories and intentionally withheld documents, specifically citing his failure to be forthright about his prior finger injury. The court granted CCA's motion to compel but decided not to dismiss the case.

¶8 Alvarado did not supplement his discovery responses or otherwise comply with the order to compel. In June 2021, after Alvarado "filed multiple frivolous motions . . . [and] tried to correspond with the [District Court] directly, resulting in no less than three Notice[s] of Ex Parte Communications," the District Court issued an Order of Dismissal, stating:

> The Court has been lenient with Mr. Alvarado throughout this litigation. The fact that he is a pro se litigant has resulted in the Court cutting him a lot of slack when it comes to following court rules and the Montana Rules of Civil Procedure. The Defendant would undoubtedly argue that this Court has shown too much leniency. In hindsight, the Court would agree.
>
> Some delays in discovery are understandable in light of Covid-19. The Court has been sympathetic and tolerant of the Plaintiff's delays in light of Covid and the fact that he is incarcerated. However, the Court will not tolerate false and/or misleading answers to discovery requests. Failing to disclose his prior knee and finger injuries is inexcusable.

¶9 On appeal, Alvarado argues that the District Court mischaracterized his discovery abuses and falsely stated that he had an undisclosed prior knee injury.

4

¶10 We review a district court's imposition of discovery sanctions for abuse of discretion because the court is in the best position to determine which sanction is most appropriate. *Mont. State Univ.-Bozeman v. Mont. First Judicial Dist. Ct.*, 2018 MT 220, ¶ 15, 392 Mont. 458, 426 P.3d 541 (citations omitted). "A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice." *Stokes v. Ford Motor Co.*, 2013 MT 29, ¶ 11, 368 Mont. 365, 300 P.3d 648 (citation and internal quotations omitted).

¶11 "Every discovery request, response or objection must be signed by at least one attorney of record . . . or by the party personally, if unrepresented." M. R. Civ. P. 26(g)(1). The party's signature certifies that, "to the best of [his] knowledge, information, and belief," the discovery response is "consistent with the [Montana Rules of Civil Procedure] and warranted by existing law," and is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" M. R. Civ. P. 26(g)(1)(A)-(B). If a party's certification violates this Rule, the court may impose appropriate sanctions on motion or *sua sponte*. M. R. Civ. P. 26(g)(3). Under M. R. Civ. P. 37(a)(1)-(3), a party may move for an order compelling an answer to an interrogatory or compelling the production of documents by certifying "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." If a court issues such an order and a party fails to comply, the court may order sanctions, including "dismissing the action or proceeding in whole or in part." M. R. Civ. P. 37(b)(2)(A)(v).

¶12 This Court has a "strict policy of non-leniency toward discovery abusers and of allowing sanctions for deterrence purposes." *Jerome v. Pardis*, 240 Mont. 187, 190, 783 P.2d 919, 921 (1989) (citing *Nat'l Hockey League v. Metro. Hockey Clubs, Inc.*, 427 U.S. 639, 96 S. Ct. 2778 (1976)) (other citations omitted). Under Rules 26 and 37, the District Court had discretion to impose appropriate sanctions because Alvarado gave false responses to discovery and failed to comply with the court's order to compel. *See generally Jerome*, 240 Mont. at 192-93, 783 P.2d at 922-23. In *Jerome*, we affirmed a district court's dismissal of a personal injury case as an appropriate discovery sanction where the plaintiff knowingly withheld information regarding his pertinent medical history. 240 Mont. at 189-90, 193, 783 P.2d at 920-21, 923; *see also Dassori v. Roy Stanley Chevrolet Co.*, 224 Mont. 178, 180-81, 728 P.2d 430, 431-32 (1986) (holding that failure to respond to interrogatories was an appropriate ground for dismissal).

¶13 The District Court found that Alvarado attempted to deceive the court by concealing his prior injury, and the record supports this finding. Regardless of the District Court's allegedly incorrect reference to a prior knee injury, the undisputed record shows that Alvarado injured his left pinky finger in 2009, if not earlier, and did not disclose that in his answer to Interrogatory #10. The District Court was lenient by giving Alvarado nearly a year to comply with its discovery order and by refusing CCA's request to dismiss the case earlier. Instead of supplementing his discovery responses, Alvarado spent that year filing meritless motions for sanctions against CCA and untimely motions to amend his complaint. Such "dilatory discovery actions shall not be dealt with leniently." *See Richardson v. State*, 2006 MT 43, ¶ 56, 331 Mont. 231, 130 P.3d 634. On these facts, we cannot conclude that

the District Court acted arbitrarily, without conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice when it dismissed Alvarado's case. Under the circumstances, we find no abuse of discretion in the court's sanction.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  We affirm the District Court's June 4, 2021 Order of Dismissal.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE